## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY KLAYMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-CV-03109-RDM |
| v. | ) | |
| | ) | |
| JULIA PORTER, HAMILTON FOX III, | ) | |
| LAWRENCE K. BLOOM | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Julia Porter, Hamilton Fox, III and Lawrence K. Bloom, all of who are lawyers employed by the District of Columbia Bar's Office of Disciplinary Counsel, hereby move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth in the accompanying Memorandum in Support of Defendants' Motion to Dismiss. A proposed order is filed with this motion.

Dated: December 10, 2020

Respectfully submitted,

*/s/* Mark J. MacDougall
Mark J. MacDougall (D.C. Bar No. 398118)
Caroline L. Wolverton (D.C. Bar No. 496433)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,                          )
                    Plaintiff,          )
            v.                          )          Case No: 20-cv-03109-RDM
                                        )
                                        )
JULIA PORTER, HAMILTON FOX III,         )
LAWRENCE K. BLOOM                       )
                    Defendants.         )
                                        )
                                        )
                                        )

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

Mark J. MacDougall (D.C. Bar No. 398118)
Caroline L. Wolverton (D.C. Bar No. 496433)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006-1037
Tel:  (202) 887-4000
Fax:  (202) 887-4288
mmacdougall@akingump.com

*Attorney for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND .................................................................................................................2

      A.    The Office of Disciplinary Counsel ........................................................2

      B.    Factual Background ................................................................................2

ARGUMENT .......................................................................................................................5

    I.    Legal Standard .................................................................................................5

    II.    District of Columbia Substantive Law Governs This Action ................................6

    III.    Plaintiff's Claims are Precluded by Defendants' Absolute Immunity ....................9

    IV.    Failure to State a Claim for Relief .......................................................................12

      A.    The Complaint Fails to State a Claim for Tortious Interference...............12

      B.    The Complaint Fails to State a Claim for Abuse of Process.....................14

    V.    Plaintiff's Claim for Injunctive Relief Should Be Dismissed................................17

CONCLUSION....................................................................................................................18

i

# TABLE OF AUTHORITIES

**CASES:**

*A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*,
   62 F.3d 1454 (D.C. Cir. 1995) ..............................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................5, 6, 14, 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................6

*Bown v. Hamilton*,
   601 A.2d 1074 (D.C. 1992) ................................................................................15

*Brown v. Carr*,
   503 A.2d 1241 (D.C. 1986) ................................................................................12

*Casco Marina Dev., LLC v. Dist. of Columbia Redevelopment Land Agency*,
   834 A.2d 77 (D.C. 2003) ....................................................................................12

*Connors, Fiscina, Swartz & Zimmerly v. Rees*,
   599 A.2d 47 (D.C. 1991) ....................................................................................12

*Gutierrez v. Collins*,
   583 S.W.2d 312 (Tex. 1979) ................................................................................7

*Hall v. Hollywood Credit Clothing Co.*,
   147 A.2d 866 (D.C. 1959) ..................................................................................15

*Hammervold v. Blank*,
   No. 4:20-CV-165, 2020 WL 4535914 (E.D. Tex. Aug. 6, 2020) ........................6, 7

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ..........................................................................................10

*Henry Schein, Inc. v. Stromboe*,
   102 S.W.3d 675 (Tex. 2002) ........................................................................6, 7, 8

*Houlahan v. World Wide Ass'n of Specialty Programs and Schools*,
   677 F. Supp. 2d 195 (D.D.C. 2010) ..................................................................15

*In re APA Assessment Fee Litig.*,
   766 F.3d 39 (D.C. Cir. 2014) ..............................................................................6

*In re Klayman*,
   228 A.3d 713 (D.C. 2020) ................................................................................2, 3

ii

*In re Nace*,
    490 A.2d 1120 (D.C. 1985) .................................................................................10

*In re Spikes*,
    881 A.2d 1118 (D.C. 2005) .................................................................................10

\* *Klayman v. Fox*,
    No. 18-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019) ................................... *passim*

\* *Klayman v. Lim*,
    18-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019) ......................................... *passim*

\* *Klayman v. Lim*,
    Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020) ........................... *passim*

\* *Klayman v. Porter*,
    No. 2020 CA 000756 B (D.C. Super. Ct. Oct. 1 2020) .................................................5, 9, 10

*Lamb v. Millennium Challenge Corp.*,
    No. 19-589 (RDM), 2020 WL 6484489 (D.D.C. Nov. 3, 2020) .................................................6

*Michaels v. NCO Fin. Sys., Inc.*,
    No. CV 16-01339 (TFH), 2020 WL 2800664 (D.D.C. May 29, 2020) ...................................15

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
    457 U.S. 423 (1982) .................................................................................................17

*Morowitz v. Marvel*,
    423 A.2d 196 (D.C. 1980) ......................................................................................15

*Newmyer v. Sidwell Friends Sch.*,
    128 A.3d 1023 (D.C. 2015) ...............................................................................12, 13

*Onyeoziri v. Spivok*,
    44 A.3d 279 (D.C. 2012) ........................................................................................12

*Robert Half Int'l Inc. v. Billingham*,
    315 F. Supp. 3d 419 (D.D.C. 2018) .....................................................................12

*Scott v. Dist. of Columbia*,
    101 F.3d 748 (D.C. Cir. 1996) ..............................................................................15

*Simons v. Bellinger*,
    643 F.2d 774 (D.C. Cir. 1980) .............................................................................9, 11

*Teltschik v. Williams & Jensen, PLLC*,
    683 F. Supp. 2d 33 (D.D.C. 2010) ...............................................................12, 13, 14

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ........................................................................................6

*Younger v. Harris*,
   401 U.S. 37 (1971) ................................................................................ *passim*

*Zuza v. Office of the High Representative*,
   857 F.3d 935 (D.C. Cir. 2017) ......................................................................14

**OTHER AUTHORITIES:**

ABA Model Rule for Lawyer Disciplinary Enforcement 22 cmt. .....................11, 14, 15

BLACK'S LAW DICTIONARY 1399 (10th ed. 2014) .....................................................14

D.C. Bar Member Lookup ..........................................................................................8

D.C. Bar R. XI
   § 4 .......................................................................................................................2
   § 6 .......................................................................................................................2
   § 4(e)(2) ..............................................................................................................2
   § 5(a) ...................................................................................................................2
   § 6(a) ...................................................................................................................2
   § 11(b) ...............................................................................................................16
   § 19(a) ................................................................................................2, 7, 9, 10

D.C. Sup. Ct. Civ. R. 11 cmt. ....................................................................................5

N.D. Tex. Civ. Local R. 83.8(a) ...............................................................................16

*Restatement (Second) of Conflict of Laws*
   § 145(1) ...............................................................................................................6
   § 145(2) ...............................................................................................................7
   § 145 cmt. c .........................................................................................................7
   § 163 cmt. a .........................................................................................................7

RESTATEMENT (SECOND) OF TORTS § 682, cmt b (1977) ............................................15

W.D. Tex. Local R. AT-7(e) ....................................................................................16

**INTRODUCTION**

This action is Plaintiff Larry Klayman's latest collateral attack on official actions of the D.C. Office of Disciplinary Counsel relating to ongoing investigative proceedings as well as Plaintiff's suspension from the practice of law as ordered by the District of Columbia Court of Appeals.  This Court rejected two prior collateral challenges as meritless, and the D.C. Circuit affirmed.  The D.C. Superior Court recently rejected Plaintiff's third collateral attack as baseless and sanctioned Plaintiff, under that court's equivalent of Rule 11 of the Federal Rules of Civil Procedure.

As each of these courts has observed, D.C. Bar rules confer absolute immunity on Office of Disciplinary Counsel personnel for their official actions.  That immunity covers each of the Defendants—Disciplinary Counsel, Deputy Disciplinary Counsel and a Staff Attorney—and bars Plaintiff's claims here that are based on the Office of Disciplinary Counsel's notice of Plaintiff's suspension to other courts where Plaintiff is admitted to practice.  Even absent the immunity bar, the Complaint would fail because it alleges no facts that would support Plaintiff's claims of tortious interference with contractual relations or abuse of process.  The Complaint's request for unspecified injunctive relief also must be dismissed based on the doctrine of *Younger* abstention to the extent it is directed to any of Defendants' actions with regard to Plaintiff's disciplinary proceedings.

Like Plaintiff's prior collateral attacks concerning his suspension, this most recent action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

# BACKGROUND

## A. The Office of Disciplinary Counsel

The D.C. Court of Appeals established the D.C. Board on Professional Responsibility (the "Board") and the Office of Disciplinary Counsel, which serves as the chief prosecutor for disciplinary matters involving attorneys subject to the disciplinary jurisdiction of the D.C. Court of Appeals. *See* D.C. Bar R. XI, §§ 4, 6. The Board has authority to appoint "Disciplinary Counsel, Special Disciplinary Counsel, and such assistant disciplinary counsel and staff as may be required to perform the duties and functions of that office." D.C. Bar R. XI, § 4(e)(2). Disciplinary Counsel serve at the pleasure of the Board and are subject to the oversight authority of the D.C. Court of Appeals. *See id.* The Office of Disciplinary Counsel is responsible for investigating attorney misconduct and prosecuting disciplinary matters before Board-appointed Hearing Committees, the Board and the D.C. Court of Appeals. D.C. Bar R. XI, §§ 5(a), 6(a).

The D.C. Bar Rules grant members of the Office of Disciplinary Counsel, as well as members of the Board and Hearing Committees, absolute immunity:

> Members of the Board, its employees, members of Hearing Committees, Disciplinary Counsel, and all assistants and employees of Disciplinary Counsel, all persons engaged in counseling, evaluating or monitoring other attorneys pursuant to a Board or Court order or a diversion agreement, and all assistants or employees of persons engaged in such counseling, evaluating or monitoring *shall be immune from disciplinary complaint under this rule and from civil suit for any conduct in the course of their official duties*.

D.C. Bar Rule XI, § 19(a) (emphasis added).

## B. Factual Background

On June 11, 2020, the D.C. Court of Appeals ordered a 90-day suspension of Plaintiff's license to practice law in the District of Columbia. Compl. ¶ 17; *In re Klayman*, 228 A.3d 713, 720 (D.C. 2020). That court accepted the findings of the D.C. Board on Professional

Responsibility that Plaintiff violated the conflict-of-interest provision of Rule 1.9 of the D.C. Rules of Professional Conduct (as well as an analogous Florida rule) by representing individual clients in three lawsuits against Judicial Watch, all of which concerned matters in which Plaintiff had represented Judicial Watch in his former role as its general counsel. *In re Klayman*, 228 A.3d at 715-17.

The Complaint, filed October 2, 2020, alleges that after Plaintiff's suspension, Defendants sent letters to courts in which Plaintiff is admitted or licensed to practice informing the courts of Plaintiff's suspension. Compl. ¶ 21.[1] The Complaint alleges that Plaintiff was not copied on the notices. *Id.* The Complaint attaches a copy of once such letter, addressed to the U.S. District Court for the Northern District of Texas. *Id.*, Ex. 5. The letter (a) was accompanied by a copy of the D.C. Court of Appeals order disciplining Plaintiff and (b) noted that the Office of Disciplinary Counsel's records reflect that Plaintiff was also licensed to practice in the Northern District of Texas. *Id.*

The Complaint alleges that Plaintiff had decided to challenge the suspension order through petitions for rehearing and rehearing *en banc*, *id.* ¶ 18, and that Defendants were aware of Plaintiff's intention to challenge the petition, *id.* ¶ 19, but alleges no facts to support those contentions.

On June 25, 2020, Plaintiff petitioned for rehearing of his suspension order. Respondent Larry Klayman's Pet. for Reh'g, No. 18-BG-0100 (D.C. Jun. 25, 2020). On July 6, 2020, the D.C. Court of Appeals denied that petition. Order No. 18-BG-0100 (D.C. July 6, 2020). The appellate court denied Plaintiff's subsequent petition for rehearing *en banc* as untimely. At the

---

[1] Plaintiff filed this action in the Western District of Texas, and on October 29, 2020, that court granted Defendants' motion to transfer the case to this district. Order, ECF No. 13 (Oct. 29, 2020).

3

same time, the D.C. Circuit denied Plaintiff's motion to have the petition deemed timely filed along with his motion for reconsideration of that denial.  Orders, No. 18-BG-0100 (D.C. July 31, 2020 and Nov. 12, 2020).

Plaintiff maintains that Defendants have deviated from the mission of the Office of Disciplinary Counsel and engaged in "the equivalent of a partisan politically based agenda" and "in effect a jihad" against Plaintiff to have him removed from the practice of law.  Compl. ¶ 10. Plaintiff alleges in this action, as with his other collateral lawsuits against Defendants, that he is being targeted for professional discipline due to his conservative political views.  *Id.* ¶¶ 12-16; *see, e.g.*, *Klayman v. Fox* ("*Klayman I*"), No. 18-1579 (RDM), 2019 WL 2396538, *4-5 (D.D.C. June 5, 2019) (quoting amended complaint in that action).

This is Plaintiff's fifth serial lawsuit against lawyers employed by the Office of Disciplinary Counsel and other officials of the D.C. Bar relating to substantially the same set of facts.  Plaintiff filed the first two suits in this Court.  One case was filed against the Office of Disciplinary Counsel and four of its members, including Ms. Porter and Mr. Fox who are named in this action.  The second case was filed against the same defendants plus former president of the D.C. Bar Esther Lim.  *Klayman I*, 2019 WL 2396538; *Klayman v. Lim*, 18-2209 (RDM), 2019 WL 2396539 (D.D.C. June 5, 2019) ("*Klayman II*").  This Court dismissed both actions. The legal bases for these dismissals were (a) the doctrine of abstention under *Younger* as to Plaintiff's claims for injunctive relief and (b) absolute immunity under D.C. Bar XI, § 19(a) as to Plaintiff's damages claims.  *Klayman I*, 2019 WL 2396538; *Klayman II*, 2019 WL 2396539.[2] The D.C. Circuit affirmed both dismissals in a single *per curium* order.  *Klayman v. Lim*, Nos.

---

[2] In *Klayman II*, this Court also dismissed Plaintiff's claims against the D.C. Bar and its former president Esther Lim for failure to state a claim.  *Klayman II*, 2019 WL 2396539 at *5.

19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020) ("*Klayman I and II*").  On January 31, 2020, Plaintiff filed his third suit in D.C. Superior Court against Ms. Porter, the Office of Disciplinary Counsel and a former client of Plaintiff who had filed a complaint against Plaintiff with the Office of Disciplinary Counsel.  *See* slip op., *Klayman v. Porter*, No. 2020 CA 000756 B (D.C. Super. Ct. Oct. 1 2020) (*Klayman III*) (Attach. 1 hereto).  The D.C. Superior Court dismissed the claims against Ms. Porter and the Office of Disciplinary Counsel, and granted summary judgment in favor of Plaintiff's former client.  *Id.* at 10, 12.  In the same order, the D.C. Superior Court sanctioned Plaintiff pursuant to Superior Court Rule of Civil Procedure 11,[3] holding that Mr. Klayman filed his complaint in that action even though this Court had twice dismissed similar claims and put him on notice that his claims against Ms. Porter and the Office of Disciplinary Counsel were precluded by their "clear immunity." *Id.* at 12-14.  On August 26, 2020, Plaintiff filed yet another lawsuit in the U.S. District Court for the Northern District of Texas that, like this action, challenges the Office of Disciplinary Counsel's notice to other courts that Plaintiff had been suspended and names Ms. Porter, Mr. Fox and Mr. Bloom as defendants. Transfer Order, *Klayman v. Porter*, No. 20-cv-2526 (N.D. Tex. Dec. 7, 2020), ECF No. 22. Defendants' motion to transfer that case to this district was granted on December 7, 2020.  *Id.* (Attach. 2 hereto).

## ARGUMENT

### I.     Legal Standard

Where a claim is not supported by factual allegations sufficient to make it facially plausible, it should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  *Ashcroft v.*

---

[3] D.C. Superior Court Rule of Civil Procedure 11 is "identical" to Federal Rule of Civil Procedure 11.  D.C. Super. Ct. Civ. R. 11 cmt.

*Iqbal*, 556 U.S. 662, 678 (2009); *Lamb v. Millennium Challenge Corp.*, No. 19-589 (RDM), 2020 WL 6484489, at *3 (D.D.C. Nov. 3, 2020).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *accord, e.g.*, *Lamb*, 2020 WL 6484489, at *3.  While the Court accepts the complaint's well-pleaded facts as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Lamb*, 2020 WL 6484489, at *3 ("Although 'detailed factual allegations' are not required, the complaint must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me allegation.'") (quoting *Iqbal*, 556 U.S. at 678).

## II.      District of Columbia Substantive Law Governs This Action

Because this action was transferred from the Western District of Texas, Texas choice-of-law rules direct which jurisdiction's substantive law governs the merits of Plaintiff's claims.  *In re APA Assessment Fee Litig.*, 766 F.3d 39, 51 (D.C. Cir. 2014) ("A federal court sitting in diversity must apply the choice-of-law rules of the forum state"); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).  Texas choice-of-law rules follow the *Restatement (Second) of Conflict of Laws* (hereinafter "*Restatement*") and, for tort claims like Plaintiff asserts, direct that the state with "the most significant relationship" to the occurrence and the parties provides the substantive law.  *Hammervold v. Blank*, No. 4:20-CV-165, 2020 WL 4535914, at *3 (E.D. Tex. Aug. 6, 2020) (quoting *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 696 (Tex. 2002)); *see also Restatement* § 145(1) ("The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.").

Texas law applies the four factors outlined in the *Restatement* to determine which state's law applies: (1) where the alleged injury occurred, (2) where the conduct causing the alleged injury occurred, (3) "the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and" (4) the place where any relationship between the parties is centered. *Stromboe*, 102 S.W.3d at 696 (quoting *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979), and *Restatement* § 145(2)); *Hammervold*, 2020 WL 4535914, at *3. Importantly for this action, if conduct is "privileged by the local law of the state where it took place," the place where the conduct occurred "has peculiar significance." *Restatement* § 145 cmt. e (citing *Restatement* § 163 cmt. a); *see also id.* § 145 cmt. c ("A rule which exempts the actor from liability for harmful conduct is entitled to the same consideration in the choice-of-law process as is a rule which imposes liability," *i.e.*, as an "important factor[] to be considered in determining the state of most significant relationship."); *see also id.* § 163 cmt. a ("Clearly, the interest of the state of conduct would be furthered by application of its rule of non-liability").

Here, these choice-of-law factors point to the District of Columbia, which is considered a state for choice-of-law purposes, *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995), as having the "most significant relationship to the occurrence and the parties." While Plaintiff alleges injury in Texas, each of the other factors implicates the District of Columbia. The second factor (where the conduct causing the alleged injury occurred) is particularly, or "peculiar[ly]," significant in light of the D.C. Bar Rules' immunity conferred on Defendants for their officials actions as members of the Office of Disciplinary Counsel, D.C. Bar. Rule XI, § 19(a), as discussed in more detail in section III, *infra*. *Restatement* § 145 cmt. c. Defendants' alleged actions causing Plaintiff's claimed injury—transmission of the notice of Plaintiff's suspension—occurred in the District of Columbia. *See* Compl., Ex. 5 (notice from

Office of Disciplinary Counsel in Washington, D.C.).  Further, the suspension was ordered in the

District of Columbia by the D.C. Court of Appeals.  *Id*. ¶ 17.  As to the third factor (location of

the parties), Defendants' place of business is the District of Columbia, *id*. at 1 (caption), and

Plaintiff maintains a place of business in the District of Columbia.  D.C. Bar member look-up

tool, https://join.dcbar.org/eWeb/DynamicPage.aspx?Site=dcbar&webcode=findmember (last

accessed Dec. 8, 2020).  Additionally, Plaintiff's D.C. Bar license lists his District of Columbia

business address.  *Id.*  Regarding the fourth factor (where any relationship of the parties is

centered), to the extent that there exists a relationship between Plaintiff and Defendants, it is

centered on the proceeding concerning Plaintiff's suspension in the District of Columbia.

Compl. ¶ 17; *see also Klayman I*, 2019 WL 2396538, *Klayman II*, 2019 WL 2396539, *Klayman*

*III,* slip op.  Plaintiff's previous collateral challenges to his suspension have been litigated in

courts in the District of Columbia.  *Klayman I*, 2019 WL 2396538, *Klayman II*, 2019 WL

2396539, *Klayman III*, slip op.  Indeed, both the Western District of Texas and the Northern

District of Texas recognized that the connections of the parties and subject matter of Plaintiff's

claims to the District of Columbia, and the relative lack of significant connection to Texas,

warranted transferring Plaintiff's cases against Defendants filed in those courts to this Court.

Order, *Klayman v. Porter*, No. 20-cv-1014 (W.D. Tex. Oct. 29, 2020), ECF No. 13; Transfer

Order, *Klayman v. Porter*, No. 20-cv-2526 (N.D. Tex. Dec. 7, 2020), ECF No. 22.

   The majority of the choice-of-law factors, including the "peculiar[ly] significan[t]" factor

of where the conduct causing the alleged injury occurred, weigh in favor of the application of

District of Columbia law.  Accordingly, the District's law governs this action.  *Stromboe*, 102

S.W.3d at 696; Restatement § 145.

### III.    Plaintiff's Claims are Precluded by Defendants' Absolute Immunity

As members of the Office of Disciplinary Counsel, each Defendant is entitled to absolute immunity from Plaintiff's claims. As this Court and the D.C. Superior Court recognized, D.C. Bar Rule XI, § 19(a) expressly confers absolute immunity from suit on the Disciplinary Counsel and members of his office for actions taken in the course of their official duties. *Klayman I*, 2019 WL 2396538 at *11 n.3, *aff'd* 2020 WL 6038713 at *1; *Klayman III*, slip op. at 8; *see also* D.C. Bar R. XI, § 19(a), quoted *supra* at 2.[4] As this Court and the D.C. Circuit also recognized, D.C. Bar disciplinary proceedings are judicial proceedings and it is a well-established rule that the officials participating in them are engaged in judicial acts that are entitled to absolute judicial immunity. *Klayman I and II*, 2020 WL 6038713 at *1 (quoting *Simons v. Bellinger*, 643 F.2d 774, 782 (D.C. Cir. 1980), *Klayman I*, 2019 WL 2396538 at *11-12 (citing authorities); *Klayman II*, 2019 WL 2396539 at *4-5.

Based on these authorities, this Court dismissed Plaintiff's claims for damages against the Office of Disciplinary Counsel personnel named as defendants in *Klayman I* and *Klayman II* on grounds of absolute immunity. *Klayman I*, 2019 WL 2396538 at *11-12[5]; *Klayman II*, 2019 WL 2396539 at *4-5. The D.C. Circuit affirmed. *Klayman I and II*, 2020 WL 6038713 at *1. Similarly, the D.C. Superior Court dismissed Plaintiff's claims against Ms. Porter and the Office of Disciplinary Counsel in *Klayman III* based D.C. Bar R. XI, § 19(a). *Klayman III,* slip op. at 8-

---

[4] This Court in *Klayman I* recognized that the D.C. Bar Rules were not binding for purposes of Plaintiff's federal claims in that case. *Klayman I*, 2019 WL 2396538 at *11 n.3. Here, by contrast, Plaintiff's claims are governed by D.C. law, and the D.C. Bar immunity rule is binding, as the D.C. Superior Court recognized. *Klayman III*, slip op. at 8.

[5] This Court dismissed Plaintiff's claims for injunctive relief in his prior actions based on *Younger* abstention, *Klayman I*, 2019 WL 2396538 at *10, *Klayman II*, 2019 WL 2396539 at *3, and the D.C. Circuit affirmed, *Klayman I and II*, 2020 WL 6038713 at *2. Plaintiff's request for injunctive relief in this action likewise should be dismissed under *Younger* as explained in section V, *infra*.

10 (explaining that "there is both an explicit rule which shields liability for parties in exactly the same position as [the defendants], as well as long followed legal precedent which instructs the Court to dismiss the instant action") (quoting D.C. Bar R. XI, § 19(a) and citing *In re Spikes*, 881 A.2d 1118, 1123-24 (D.C. 2005), and *In re Nace*, 490 A.2d 1120, 1124 (D.C. 1985)).

Plaintiff's latest lawsuit against members of the Office of Disciplinary Counsel should meet the same fate. Plaintiff alleges no facts that would support a reasonable inference that any of the Defendants acted other than in their official duties in connection with the notices of Plaintiff's suspension from the D.C. Bar. To the contrary, the exhibits to the Complaint make clear that Defendant Bloom acted in his capacity as Senior Staff Attorney with the Office of Disciplinary Counsel when he sent the notice of Plaintiff's suspension; the notice is on Office of Disciplinary Counsel letterhead and signed by Mr. Bloom as Senior Staff Attorney. Compl., Ex. 5. The Complaint alleges no facts supporting Plaintiff's assertion that Mr. Fox or Ms. Porter had any role in sending the notice, let alone that they acted outside the scope of their duties. Plaintiff's assertion that the notice was "prepared and sent by Defendants, working in concert," *id.* ¶ 25, is wholly conclusory. In *Klayman III*, the D.C. Superior Court rejected Plaintiff's assertion in that case that Ms. Porter deviated from her official duties by notifying the Bar of the Northern District of Texas of Plaintiff's suspension, observing that Plaintiff had presented no evidence in support of that assertion. *Klayman III*, slip op. at 10.

Plaintiff's contention that the D.C. Rules of Professional Conduct do not expressly authorize notification of his suspension to other courts, as Plaintiff contends, Compl. ¶ 22, is inapposite. As the D.C. Circuit recognized, "absolute immunity, unlike 'qualified or good-faith immunity,' provides Disciplinary Counsel attorneys prosecuting misconduct charges with 'complete protection from suit.'" *Klayman I and II*, 2020 WL 6038713 at *1 (citing *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 807 (1982)).  Moreover, the Office of Disciplinary Counsel followed the American Bar Association (ABA) Model Rules for Lawyer Disciplinary Enforcement in sending the notice of Plaintiff's suspension.  ABA Model Rule for Lawyer Disciplinary Enforcement 22 cmt.,

https://www.americanbar.org/groups/professional_responsibility/resources/lawyer_ethics_regulation/model_rules_for_lawyer_disciplinary_enforcement/rule_22/ (last accessed Dec. 9, 2020).[6]

Like in *Klayman I* and *Klayman II*, notifying other courts of the D.C. Court of Appeals' decision to suspend Plaintiff "'was plainly within the general matters . . . committed to [their] discretion' under D.C. law."  *Klayman I and II*, 2020 WL 6038713 at *1. (quoting *Simons*, 643. F.2d at 786) (alterations and ellipsis in original).

As the courts concluded in *Klayman I*, *Klayman II*, and *Klayman III*, Defendants here are absolutely immune from Plaintiff's claims under both D.C. Bar Rule XI, § 19(a) and judicial immunity principles.

---

[6] The comments to ABA Model Rule 22 provide:

If a lawyer suspended or disbarred in one jurisdiction is also admitted in another jurisdiction and no action can be taken against the lawyer until a new disciplinary proceeding is instituted, tried, and concluded, the public in the second jurisdiction is left unprotected against a lawyer who has been judicially determined to be unfit. Any procedure which so exposes innocent clients to harm cannot be justified. The spectacle of a lawyer disbarred in one jurisdiction yet permitted to practice elsewhere exposes the profession to criticism and undermines public confidence in the administration of justice.

*Disciplinary counsel in the forum jurisdiction should be notified by disciplinary counsel of the jurisdiction where the original discipline or disability inactive status was imposed.*

ABA Model Rule for Lawyer Disciplinary Enforcement 22 cmt. (emphasis added).

**IV.      Failure to State a Claim for Relief**

Even if Plaintiff's claims were not barred by Defendants' absolute immunity, they would fail under Rule 12(b)(6) because neither states a claim upon which relief can be granted.

**A.  The Complaint Fails to State a Claim for Tortious Interference**

To make a *prima facie* case of tortious interference with contractual relationship, a claimant must demonstrate: "(1) the existence of a valid contractual or other business relationship; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional interference with that relationship; and (4) resulting damages." *Robert Half Int'l Inc. v. Billingham*, 315 F. Supp. 3d 419, 436 (D.D.C. 2018) (citing *Newmyer v. Sidwell Friends Sch.*, 128 A.3d 1023, 1038-39 (D.C. 2015)).  The elements of a claim for tortious interference with prospective economic advantage claim are identical, except that instead of the existence of a contract the claimant must demonstrate "the existence, knowledge, and intentional procurement of a breach of a prospective advantageous business transaction." *Teltschik v. Williams & Jensen, PLLC*, 683 F. Supp. 2d 33, 56 (D.D.C. 2010) (citing *Casco Marina Dev., LLC v. Dist. of Columbia Redevelopment Land Agency*, 834 A.2d 77, 84 (D.C. 2003), and *Brown v. Carr*, 503 A.2d 1241, 1247 (D.C. 1986)).  "Interference is actionable where it 'induc[es] or otherwise caus[es] the third person . . . not to perform.'" *Newmyer*, 128 A.2d at 1039 (quoting *Onyeoziri v. Spivok*, 44 A.3d 279, 286 (D.C. 2012)) (alterations in original).  Plaintiff "bears the burden to establish a 'substantial and direct causal link' between [Defendants'] alleged interference and the damages suffered." *Id.* at 1039 (quoting *Connors, Fiscina, Swartz & Zimmerly v. Rees*, 599 A.2d 47, 51 (D.C. 1991)).  If a claimant establishes a *prima facie* case of tortious interference, the burden shifts to the defendants to show that their conduct was justified or privileged. *Id.* (citing *Onyeoziri*, 44 A.3d at 286-87).

In this case, the Complaint fails to allege facts that would satisfy Plaintiff's burden of establishing the elements of a *prima facie* case of tortious interference with any existing client relationships or any prospective client relationships.  With regard to existing client relationships, the Complaint alleges that Plaintiff represents litigants in two cases before the Northern District of Texas, Compl. ¶ 24, but does not allege that any of the litigants have failed to perform on a contract with Plaintiff.[7]  The Complaint thus fails to allege that Defendants "induced[ed] or otherwise caus[ed]" any third party not to perform, as is necessary for an "actionable" claim of interference, and fails to establish the fourth element of a *prima facie* case—damages.  *Newmyer*, 128 A.2d at 1039.  The claim, therefore, should be dismissed under Rule 12(b)(6) for failure to establish a *prima facie* case.  *Id.*

With respect to Plaintiff's claim for intentional interference with prospective economic advantage, the Complaint does not allege any facts that suggest the existence of any prospective advantageous business transaction, let alone that Defendants knew of such a transaction, that they interfered with it, or that they caused any damage to it.  This Court rejected a similarly unsupported claim in *Teltschik*.  683 F. Supp. 2d at 56 (granting defendants summary judgment on tortious interference with prospective economic advantage claim where the plaintiff "d[id] not present evidence or even allege any facts that would support the existence of a prospective

---

[7] The Complaint does not allege that Plaintiff is presently representing any other litigants in Texas.  While it alleges that he has a case in the Western District of Texas, it alleges that Plaintiff represents himself *pro se* in that matter.  Compl. ¶ 32.  Additionally, the Complaint's allegation that Defendants engaged in "other *ex parte*" communications with the Western District of Texas, *id.* ¶ 35, is wholly speculative.  The Complaint acknowledges as much in making the allegation "on information and belief."  *Id.*  It alleges no facts that would support an inference that the alleged adverse actions by the Northern District of Texas and Western District of Texas (that the Northern District of Texas opened a disciplinary case against Plaintiff and suspended his electronic filing privileges and that the Western District of Texas suspended his electronic filing privileges) were the result of any communication from Defendants other than the notice of his suspension by the D.C. Court of Appeals.

advantageous business transaction, that defendants knew of the transaction, or that defendants interfered with the transaction").  Plaintiff's claim for tortious interference with prospective economic advantage likewise should be rejected under Rule 12(b)(6).  *Id.*

Lastly, even if Plaintiff somehow could meet his burden of establishing the elements of a *prima facie* case of tortious interference (which he cannot) and the burden were to shift to Defendants, Defendants' transmission of the notice would be justified.  As previously set forth, the Office of Disciplinary Counsel followed the ABA Model Rules for Lawyer Disciplinary Enforcement in transmitting the notice.  ABA Model Rule for Lawyer Disciplinary Enforcement 22 cmt.

For all of these reasons, the Complaint fails to state a claim for tortious interference and that count should be dismissed.

### B.  The Complaint Fails to State a Claim for Abuse of Process

Plaintiff's abuse of process charge fails to state a claim because it is not grounded in any "process."  While legal process may be interpreted expansively, it refers to legal proceedings. *Zuza v. Office of the High Representative*, 857 F.3d 935, 938 (D.C. Cir. 2017) ("Legal process is an expansive term.  It refers broadly to '[t]he proceedings in any action.'") (alteration in original) (quoting BLACK'S LAW DICTIONARY 1399 (10th ed. 2014)).  The notice of suspension allegedly sent to other courts is not part of the suspension proceedings.  Rather, it is notice of the *result* of those proceedings.  The Complaint alleges no facts to support its assertion that Defendants engaged in other *ex parte* contacts with the Western District of Texas or the Northern District of Texas, Compl. ¶ 35, let alone to support a conclusion that such contacts would constitute a form of process.  Those conclusory allegations of *ex parte* contacts cannot save the abuse of process claim.  *Iqbal*, 556 U.S. at 678.

Even if the notice could be considered a form of process, Plaintiff would fail to state a claim for abuse of process because the Complaint does not allege facts to establish the elements of the claim.  "The essence of the tort of abuse of process is the use of the legal system 'to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'"  *Scott v. Dist. of Columbia*, 101 F.3d 748, 755 (D.C. Cir. 1996) (quoting *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992)); *accord, e.g.*, *Michaels v. NCO Fin. Sys., Inc.*, No. CV 16-01339 (TFH), 2020 WL 2800664, at *8-*9 (D.D.C. May 29, 2020). The two "essential" elements of the claim are: "(1) the existence of an ulterior motive; and (2) an *act* in the use of process other than such as would be proper in the regular prosecution of the charge."  *Houlahan v. World Wide Ass'n of Specialty Programs and Schools*, 677 F. Supp. 2d 195, 199 (D.D.C. 2010) (quoting *Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866, 868 (D.C. 1959)); *see also Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980) ("in addition to ulterior motive, one must allege and prove that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge").

Rather than establish the elements of a claim for abuse of process, the facts as alleged direct the conclusion that Defendants issued the notice of Plaintiff's suspension for the purpose intended by such a notice, *viz.*, to notify other jurisdictions that the D.C. Court of Appeals had suspended Plaintiff.  "[T]here is no action for abuse of process when the process is used for the purpose for which it is intended."  *Scott*, 101 F.3d at 755 (alteration in original) (quoting RESTATEMENT (SECOND) OF TORTS § 682 cmt. b (1977)).  Plaintiff acknowledges that he was in fact suspended.  Compl. ¶ 17.  And as previously stated, the notice to other jurisdictions followed the ABA Model Rules for Lawyer Disciplinary Enforcement.  ABA Model Rule for Lawyer

Disciplinary Enforcement 22 cmt.  The propriety of the notice is underscored by the typical

practice of jurisdictions to consider an attorney's suspension in another jurisdiction to be relevant

to the attorney's practice in their jurisdiction.  *E.g.*, D.C. Bar R. XI § 11(b) ("It shall be the duty

of Disciplinary Counsel to obtain copies of all orders of discipline from other disciplining

courts."); N.D. Tex. Civ. Local R. § 83.8(a) ("A member of the bar of this court is subject to

suspension or disbarment by the court . . . if for any reason other than nonpayment of dues,

failure to meet continuing legal education requirements, or voluntary resignation unrelated to a

disciplinary proceeding or problem, an attorney loses, either temporarily or permanently, the

right to practice law before . . . the highest court of any other state or the District of Columbia.").

In fact, Plaintiff was required to self-report his suspension to the U.S. District Court for the

Western District of Texas under its Local Rules.  W.D. Tex. Local R. AT-7(e) ("A member of the

bar of this court must promptly report in writing to the clerk, with full details and copies of

pertinent documents, if . . . the attorney loses or relinquishes, temporarily or permanently, the

right to practice in any court of record (other than voluntarily relinquishment, not under any

disciplinary order or threat of discipline); or [] the attorney is disciplined, publicly or privately,

by any bar, court, court agency, or court committee.").

Beyond the Complaint's failure to allege facts establishing any improper use of the notice

of suspension, it alleges no facts that would support a reasonable inference that any Defendant

harbored an ulterior motive.  The allegation that Ms. Porter stated during a Board of Professional

Responsibility hearing that Plaintiff "should not continue to have the privilege of being a

lawyer," Compl. ¶ 11, is, on its face, consistent with her role as a prosecutor pursuing the

misconduct charges against Plaintiff.  It is plainly advocacy for a disciplinary measure.  The

conclusory assertions that Defendants sought to harass Plaintiff and harm him financially

because of his politics and advocacy, *id.* ¶¶ 12-13, cannot support the abuse of process claim. *Iqbal*, 556 U.S. at 678. Notably, this Court and the D.C. Circuit rejected similar conclusory assertions of political motivation as insufficient to support the bad-faith exception to *Younger* abstention in *Klayman I* and *Klayman II*. *Klayman I*, 2019 WL 2396538 at \*9; *Klayman II*, 2019 WL 2396539 at \*4; *Klayman I and II*, 2020 WL 6038713 at \*2.

      In the event this Court were to consider the notice at issue here to be a form of process (which it should not), it should dismiss Plaintiff's abuse of process claim as unsupported.

**V.    Plaintiff's Claim for Injunctive Relief Should Be Dismissed.**

      The Complaint includes an unspecified request for injunctive relief. Compl. § VII, Prayer for Relief (a). To the extent Plaintiff seeks to enjoin any of Defendants' actions with regard to Plaintiff's disciplinary proceedings, including any in connection with his pending challenge to the D.C. Court of Appeals' order of suspension, the request should be dismissed based on doctrine of abstention recognized in *Younger v. Harris*, 401 U.S. 37 (1971), for the same reasons recognized by the D.C. Circuit in Plaintiff's previous collateral challenges to his disciplinary proceedings.

      In affirming this Court's dismissal of Plaintiff's claims for injunctive relief in *Klayman I* and *Klayman* based on *Younger* abstention, the D.C. Circuit recognized that "[f]ederal-court abstention from interference with pending state proceedings (including D.C. proceedings) is appropriate 'so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance' on the part of the state 'that would make abstention inappropriate.'" *Klayman I and II*, 2020 WL 6038713, at \*2 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Plaintiff there failed to allege any facts amounting to "extraordinary circumstances" that would justify federal intervention. *Id.*

The same is true in this case.  The Complaint presents only conclusory assertions, unsupported by facts, of political motivation that are comparable to the assertions this Court and the D.C. Circuit rejected as insufficient in Plaintiff's other collateral challenges to his disciplinary proceedings.  *Compare* Compl. ¶¶ 10, 13-15 *with Klayman I*, 2019 WL 2396538 at *4 (quoting Plaintiff's amended complaint in that action), *Klayman II*, 2019 WL 2396539 at *3 (quoting Plaintiff's opposition to the motion to dismiss in that action), and *Klayman I and II*, 2020 WL 6038713 at *2 (observing that Plaintiff failed to offer "'substantial,' nonconclusory allegations") (quoting *Younger*, 401 U.S. at 48).  Like in *Klayman I and Klayman II*, the Complaint here does not allege facts that would amount to the "extraordinary circumstances" that would justify federal intervention.

Accordingly, insofar as Plaintiff seeks injunctive relief concerning Defendants' actions with regard to Plaintiff's disciplinary proceedings before the D.C. Court of Appeals, the request should be dismissed based on *Younger* abstention.

## CONCLUSION

For the foregoing reasons, Defendants respectfully moves the Court to dismiss the Complaint.  Because it is so plainly improper, the dismissal should be with prejudice.  *See Klayman III*, slip op. at 10.

Dated: December 10, 2020

Respectfully submitted,

*/s/ Mark J. MacDougall*
Mark J. MacDougall (D.C. Bar No. 398118)
Caroline L. Wolverton (D.C. Bar No. 496433)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006-1037
Tel:  (202) 887-4000
Fax:  (202) 887-4288
mmacdougall@akingump.com

*Attorney for Defendants*