IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JULIA PORTER, HAMILTON P. FOX, III, )<br>LAWRENCE K. BLOOM, )<br>)<br>Defendants. ) | Case No. 20-CV-03109-RDM |

**MATTHEW KAISER'S MOTION TO INTERVENE
AND NOTICE OF JOINDER IN JULIA PORTER, HAMILTON P. FOX III, AND
LAWRENCE K. BLOOM'S MOTION FOR AN INJUNCTION
<u>AGAINST VEXATIOUS LITIGATION BY PLAINTIFF</u>**

Proposed Intervenor Matthew Kaiser, through counsel, hereby respectfully seeks leave pursuant to Fed. R. Civ. P. 24(b) to join and adopt Defendants Julia Porter, Hamilton P. Fox, III, and Lawrence K. Bloom's Motion for an Injunction Against Vexatious Litigation by Plaintiff ("Motion"), and the points and authorities in the Memorandum submitted in support of the Motion. The arguments presented in the Motion apply equally to Mr. Kaiser and he respectfully requests that the Court permit him to intervene in this action, incorporate those arguments by reference, join the Motion, and grant the Motion with respect to Mr. Kaiser for the reasons set forth in the Motion and those advanced below. Pursuant to Local Civil Rule 7(m), counsel for Mr. Kaiser has conferred with Plaintiff and counsel for Defendants. Plaintiff responded that he opposes this Motion. Defendants consent to this Motion.

Mr. Kaiser is the Chair of the District of Columbia Board on Professional Responsibility ("Board"). Mot. at 10. On October 2, 2020, the Board found that Plaintiff Larry Klayman violated the D.C. Rules of Professional Conduct and recommended a suspension of his license to practice

law in the District of Columbia, which was accepted by the D.C. Court of Appeals in suspending Mr. Klayman on an interim basis on January 7, 2021. Mot. at 1. On October 2, 2020, Plaintiff sued Defendants Porter, Fox, and Bloom in the Western District of Texas, and that case was transferred to this court on October 29, 2020. Mot. at 6. Plaintiff sued Mr. Kaiser and the other defendants on December 31, 2020 in the Northern District of California. Mot. at 11. Defendants Porter, Fox, and Bloom moved to transfer the matter to this district on January 22, 2021. Defendants' Notice of Motion and Motion to Transfer, *Larry Klayman v. Matthew Kaiser et al.*, No. 3:20-cv-09490-LB (N.D. Cal) (the "California Action"), ECF No. 15. Mr. Kaiser joined the motion to transfer on January 26, 2021. Defendant Matthew Kaiser's Notice of Joinder and Joinder in Defendants' Motion to Transfer, California Action, ECF No. 23. The matter was ordered transferred to this district on February 22, 2021. Order Transferring Case to the District of Columbia, California Action, ECF No. 31. To Mr. Kaiser's knowledge, this matter has not yet been assigned. It presumably will be assigned to this Court as a related case under Local Rule 40.5(c).

      As set forth in the Motion, this is the sixth lawsuit Plaintiff has filed since 2018 against lawyers employed by the Office of Disciplinary Counsel and other D.C. Bar officials, seeking to collaterally attack various proceedings related to Plaintiff's practice of law in the District of Columbia. Mot. at 1. Although this is the first such suit to name Mr. Kaiser as a defendant, it relies on the same allegations as the prior lawsuits lodged against the other defendants. Plaintiff has a well-documented history of vexatious litigation and has demonstrated with his conduct toward defendants Porter, Fox, and Bloom that he intends to continue a relentless campaign of harassment against them. He has now added Mr. Kaiser to his list of targets for additional harassment.

In its discretion, the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As described in the Motion, the claims against Mr. Kaiser arise out of the same factual allegations as in this lawsuit, as well as the other actions brought by Plaintiff. Further, the grounds for the injunctive relief sought by Defendants apply equally to Mr. Kaiser, as he too is now subject to the aforementioned frivolous and harassing litigation. These common questions of law and fact justify Mr. Kaiser's intervention.

Therefore, for the reasons identified in the Motion and pursuant to the inherent powers of the Court, Matthew Kaiser respectfully requests the Court (1) allow him to intervene, and (2) allow him to join defendants Porter, Fox, and Bloom's Motion, and enjoin Mr. Klayman from (a) filing any new action, complaint, or claim for relief against Mr. Kaiser or the District of Columbia Board on Professional Responsibility, in any federal court, state court, or any other forum, or (b) serving Mr. Kaiser or causing him to be served with a subpoena or any other instrumentality of civil discovery as a third party in any other legal proceeding in which Mr. Klayman is a party, without first making application to this Court and the court where the litigation is proposed to be filed.

Dated: March 11, 2021

Respectfully submitted,

/s/ Benjamin B. Klubes
Benjamin B. Klubes (Bar No. 428852)
Preston Burton (Bar No. 426378)
Buckley LLP
2001 M Street, NW, Suite 500
Washington, D.C. 20036
(202) 349-8000
bklubes@buckleyfirm.com
pburton@buckleyfirm.com

*Counsel for Matthew Kaiser*

## **CERTIFICATE OF SERVICE**

I certify that on March 11, 2021, a copy of the foregoing document was filed and served electronically through this Court's CM/ECF Filing System upon all counsel of record who are registered users.

/s/ Benjamin B. Klubes
Benjamin Klubes (Bar No. 428852)