## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

          *Plaintiff,*

    v.

JULIA PORTER, *et al.*,

          *Defendants.*

Civil Action No. 20-3109 (RDM)

## <u>ORDER</u>

Before the Court is Defendants' Motion to Consolidate this action with the matter *Klayman v. Porter*, 20-cv-3579, currently pending before Judge Nichols. Dkt. 20. For the following reasons, Defendants' Motion is **GRANTED**.

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." "The decision whether to consolidate cases under Rule 42(a) [rests] within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002). In exercising that discretion, a court should "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). Generally, actions that "involve the same parties" or "are likely to involve substantially the same witnesses and arise from the same series of events or facts" are "apt candidates for consolidation." *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017).

This matter and civil action 20-cv-3579 are ripe for consolidation. In both cases, Plaintiff has (1) sued the same defendants—Julia Porter, Hamilton Fox, III, and Lawrence K. Bloom; (2) raised the same two claims—tortious interference and abuse of process; (3) pertaining to the

same subject matter—the D.C. Court of Appeals' ninety-day suspension of Plaintiff's law license; and (4) sought the same relief—compensatory and punitive damages. *Compare generally* Dkt. 1 (Compl.) *with* Dkt. 2 (Compl.), *Klayman v. Porter*, 20-cv-3579.  Defendants, meanwhile, anticipate relying on the same defense of absolute immunity in both cases.  Dkt. 20 at 2.  And indeed, Plaintiff himself appears to acknowledge the overlap between the two cases, consenting to consolidation "so long as the consolidated case proceeds before" Judge Nichols. Dkt. 28 at 1.

In light of the foregoing, and given that both cases are in their preliminary stages, "considerations of convenience and economy" strongly warrant consolidation, while the risks "of confusion and prejudice" are low.  *Chang*, 217 F.R.D. at 265.  Consolidation is thus appropriate.

That leaves the question of to which judge the consolidated action will be assigned. Under this District's local rules, where a motion to consolidate is granted, "the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case."  LCvR 40.5(c)(2).  Here, Judge Nichols has the later-numbered case and will transfer that case by consent to the undersigned for consolidation with this, the earlier-filed, case.

For the reasons stated, it is hereby **ORDERED** that Defendants' Motion to Consolidate, Dkt. 20 is **GRANTED**.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 23, 2021

2