IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JULIA PORTER, HAMILTON P. FOX, III, ) <br> LAWRENCE K. BLOOM, ) <br> ) <br> Defendants. ) | Case No. 20-CV-03109-RDM, consolidated with Case No. 20-CV-3579 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>EXTENSION OF TIME</u>**

On April 9, 2021, Plaintiff Larry Klayman ("Mr. Klayman") filed his second motion for an extension of time to respond to Defendants' Motion for an Injunction Against Vexatious Litigation by Plaintiff, ECF No. 21, and Defendants' Motion to Dismiss, ECF No. 18, from April 30, 2021 to May 21, 2021. This deadline, however, did not sneak up on Mr. Klayman. Mr. Klayman has already received an extension of 90 days after allowing the statutory deadline to pass. Previously, on March 10, 2021—40 days *after* the deadline had passed—Mr. Klayman moved for an extension to respond to Defendants' motion to dismiss. *See* Def.'s Mot. for an Extension of Time, ECF No. 25. The Court granted his request and provided Mr. Klayman more than 90 days to respond. The Court then *sua sponte* extended the deadline to respond to Defendants' motion for an injunction by an additional 50 days to April 30, 2021. Order, ECF No. 22; *see also* Local Civil Rule 7(b) (providing a party 14 days to file an opposition to a motion). Mr. Klayman has had more than enough time to prepare his response. The Movants, all lawyers employed in service to the courts and the District of Columbia Bar, have been vexed by Mr. Klayman's abuse of civil litigation for

nearly three years. Their opportunity to be heard by this Court in seeking relief from Mr. Klayman should not be delayed.

### 1. Mr. Klayman Abused the Court's Previous Generous Grant of an Extension

Mr. Klayman offers no viable excuse to justify his supposed inability to meet the April 30 deadline. Rather than use the additional time the Court has already provided to formulate a response, Mr. Klayman chose to abuse the Court's generous grant and file yet another baseless complaint against Defendants in this Court while the Motion for Injunction was pending. *See Klayman v. Kaiser* et al., No. 21-cv-00727 (D.D.C. Mar. 19, 2021). Defendants have been targets of Mr. Klayman's serial civil suits for almost three years. Permitting yet another delay before the Movants may be heard as they seek relief from this Court would eviscerate the Defendants' right to have the Court address their motions in a timely manner.

### 2. Mr. Klayman Misstates the Record

Mr. Klayman's motion also includes multiple assertions that are inconsistent with reality and grossly mischaracterize a brief conversation with Defense counsel. Mr. Klayman's assertion that Defendants' motion for an injunction "well exceed 400 pages"—and so requires additional time to fashion his response—is not true. Pl. Mot. for Ext. of Time at 1, ECF No. 34. The fact is that Mr. Klayman himself drafted most of the 400 pages of text of which he complains. Defendants' motion and memorandum in support total not more than 20 pages. *See* Defs.' Motion for an Injunction Against Vexatious Litigation by Plaintiff, ECF No. 21. The remaining pages are exhibits, consisting almost entirely of the series of complaints filed by Mr. Klayman and against the Defendants in this Court, the U.S. District Court for the Northern District of Texas, the U.S. District Court for the Western District of Texas, the U.S. District Court for the Northern District of California, and the Superior Court of the District of Columbia. Mr. Klayman is, in truth, the

author of most of the 400 pages of which he complains and is intimately familiar with their substance. The only "new" exhibits are four declarations—none of which exceed three pages. Mr. Klayman's assertion that he requires additional time to respond to Defendants' "voluminous" motion is baseless and grossly misleading.

This Court should not again reward Mr. Klayman for his repeated abuse of civil process by granting a further extension of time in which to file briefs that were already due and for which he already received generous extensions of time from the Court.

In the absence of any evidence that Mr. Klayman has diligently attempted to meet the deadline from which he now seeks relief—and in light of considerable evidence to the contrary—Mr. Klayman's request for additional time should be denied.

Dated: April 9, 2021                                             Respectfully submitted,

*/s/ Mark J. MacDougall*
Mark J. MacDougall (D.C. Bar No. 398118)
Caroline L. Wolverton (D.C. Bar No. 496433)
Samantha Block (D.C. Bar No. 1617240)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
samantha.block@akingump.com
cwolverton@akingump.com

*Counsel for Defendants*