UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    *Plaintiff*,

v.

JULIA PORTER, *et al.*,

    *Defendants*.

Civil Action No. 20-3109 (RDM)

## MEMORANDUM OPINION AND ORDER

On April 9, 2021, it "c[a]me to the undersigned judge's attention that this matter was assigned to him as related to Civil Action Nos. 18-cv-1579 and 18-cv-2209" rather than by random draw. Minute Order (Apr. 9, 2021). But because cases 18-cv-1579 and 18-cv-2209 "had been dismissed before this action was brought," the Court asked the parties to "address[] whether this case is related to" those cases within the meaning of Local Rule 40.5(a)(4). *Id.* The parties did so, Dkt. 39; Dkt. 40, and the Court must now decide whether to retain this action as related or to return it to the Calendar Committee for random reassignment. For the following reasons, the Court concludes that the designation of this case as related was erroneous and that the case must therefore be assigned anew.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). That rule exists for a reason: "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id.*; *see*

*also Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-cv-2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019) ("[R]andom assignment of cases is essential to the public's confidence in an impartial judiciary.").

On rare occasion, however, a new case is properly assigned to a specific judge as related to a prior case. *See Doe v. Von Eschenbach*, No. 06-cv-2131, 2007 WL 1655881, at *1 (D.D.C. June 7, 2007). This typically occurs when it "prove[s] wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." *Tripp*, 196 F.R.D. at 202. Accordingly, and as relevant here, the local rules provide that "cases whether criminal or civil, . . . shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4). This is a "narrow" exception, to be sure, *NRDC v. Oliver*, No. 20-cv-1150, Dkt. 16 at 4 (unpublished Order), which permits "deviat[ion] from th[e] foundational principle" of random assignment" only when "the relationship between the [related] cases is certain," *Dakota Rural Action*, 2019 WL 1440134, at *1; *see also Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019) ("Scrupulous adherence to Local Rule 40.5 is important[.]"). "The burden on the party claiming relation is [therefore] heavy." *Dakota Rural Action*, 2019 WL 1440134, at *1; *see also Ctr. for Biological Diversity v. Bernhardt*, No. 20-cv-3697 (Dkt. 10) (unpublished Order).

That burden is not satisfied here. To start, this case does not involve all of the same parties as cases 18-cv-1579 and 18-cv-2209. To illustrate:

| | Civil Action | | |
|---|---|---|---|
| | 20-cv-3109 | 18-cv-1579 | 18-cv-2209 |
| **Named Defendants** | Julia Porter | Julia Porter | Julia Porter |
| | Hamilton Fox | Hamilton Fox | Hamilton Fox |
| | Lawrence K. Bloom | | |
| | | Elizabeth Herman | Elizabeth Herman |
| | | H. Clay Smith, III | H. Clay Smith, III |
| | | Office of Disciplinary Counsel | Office of Disciplinary Counsel |
| | | | District of Columbia Bar |
| | | | Esther Lim |

*Compare* Dkt. 1 at 1 (Compl.) *with Klayman v. Fox*, No. 18-cv-1579, 2019 WL 2396538 (D.D.C. June 5, 2019) (subsequent history omitted) (ECF No. 10 at 1) (Am. Compl.) *and Klayman v. Lim*, No. 18-cv-2209, 2019 WL 2396539 (D.D.C. June 5, 2019) (subsequent history omitted) (ECF No. 1 at 1) (Compl.). As is depicted, this case involves one defendant—Lawrence K. Bloom—who was not named in 18-cv-1579 or 18-cv-2209; while 18-cv-1579 and 18-cv-2209 involved five defendants (in total) who are not parties to this case.

To be sure, there are two defendants in common between all three cases—Julia Porter and Hamilton Fox. But as a general rule, the mere presence of "overlapping parties is not among the bases for a related-case designation." *Trump*, 391 F. Supp. 3d at 97. That is especially true in cases like this one, where the complaint identifies a defendant (Lawrence K. Bloom) not named in either of the earlier cases, who allegedly performed a discrete action about which the plaintiff complains, and against whom severable, compensatory damages are sought. Dkt. 1 at 7,

11 (Compl. ¶¶ 25, Prayer for Relief).  The parties here, therefore, and not the "same" in either name or substance as those in cases 18-cv-1579 or 18-cv-2209.[1]

Even more importantly, the subject matter of this case is not "the same" as the subject matter of either of the earlier cases.  In case 18-cv-1579, the plaintiff brought claims for abuse of process, malicious prosecution, and violations of the First and Fourteenth Amendments.  *Klayman*, No. 18-cv-1579, (ECF No. 10 at 21–25) (Am. Compl. ¶¶ 96–117).  As the Court explained in its decision granting the defendants' motion to dismiss, the plaintiff alleged that the defendants were "conspiring to disbar him or to force him to resign from the D.C. Bar (1) because they disagree[d] with his political beliefs [and] public interest activism and hope[d] to silence him and (2) because of his gender."  *Fox*, 2019 WL 2396538 at *1 (internal quotation marks omitted) (second alteration in the original).  For relief, the plaintiff sought to enjoin the now-completed disciplinary proceedings against him and the award of damages.  *Id.*  Plaintiff raised similar claims in case 18-cv-2209.  *See Lim*, No. 18-cv-2209, 2019 WL 2396539 (ECF No. 1 at 17–21) (Compl. ¶¶ 80–104).  In this second case, however, the plaintiff addressed one of the charges against him "in far greater detail" than in the first case; he alleged that the defendants "engaged in further illegalities by causing and furthering the publication of the filing of the

---

[1] Some decisions in this district have held that Local Rule 40.5(a)(4) must be "interpreted strictly," such that "a subsequent case may be related only where it involves . . . identical parties." *Wilderness Soc'y v. Bernhardt*, No. 20-cv-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020) (internal quotation marks and citations omitted); *see also Judicial Watch, Inc. v. Rossotti*, No. 02-cv-928, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002) (same); *Thomas v. Nat'l Football League Players Assoc.*, 1992 WL 43121, at *1 (D.D.C. Feb. 18, 1992) (same); *Corsi v. Mueller*, No. 18-cv-2885, 2019 WL 11322508, at *1 (D.D.C. Jan. 3, 2019) (same); *Dale v. Exec. Off. of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (same).  One can imagine scenarios in which enforcing such a strict interpretation of Local Rule 40.5(a)(4) would erode, rather than promote, the goals of the random assignment rule: for instance, where the substance of two cases is nearly identical but the named defendants can be easily substituted (*e.g.*, the Secretary of Interior versus the Department of Interior).  For present purposes, however, the Court need not resolve that question.

Specification of Charges in [that matter] through the website Law360;" he alleged that defendants had "attempt[ed] to unethically communicate with the appellate courts to attempt to bias and prejudice them while they [were] deliberating on [his] pending appeals;" he added "a fraud claim against [the] [d]efendants, alleging that they induced a member of the Board to sign off on the . . . Specification of Charges by 'with[holding] . . . material information;" and he added "the D.C. Bar and Lim as defendants." *Lim*, 2019 WL 2396539 at *2 (internal quotation marks omitted). On October 6, 2020, the D.C. Circuit affirmed this Court's order dismissing both of those actions on grounds of *Younger* abstention, failure to state a claim against the D.C. Bar and its President, and absolute judicial immunity. *Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020).

Plaintiff brought this action four days before the D.C. Circuit issued its decision, and fourteen months after this Court denied Plaintiff's motions for reconsideration in 18-cv-1579 and 18-2209 and terminated those cases. The events at issue here occurred months after this Court terminated Plaintiff's prior cases and after the D.C. Court of Appeals "issued a 90-day suspension order against" Plaintiff. Dkt. 1 at 5 (Compl. ¶ 17). In particular, Plaintiff complains that Defendants sent letters "to various courts" in which Plaintiff is admitted, "notifying them of the" suspension order "without [Plaintiff's] knowledge or consent," *id.* at 6 (Compl. ¶¶ 20–21), without "express authority under the District of Columbia Rules of Professional Conduct to do so," *id.* (Compl. ¶ 22), and despite the fact that reciprocal discipline is unavailable in Texas based on "a statute of limitations[] or[,] at a minimum, laches," *id.* at 7 (Compl. ¶ 26). Plaintiff contends that these actions amount to "tortious interference and abuse of process," *id.* at 8 (Compl. ¶ 30), and he seeks "damages in excess of $75,000, along with punitive damages and attorneys' fees, *id.* at 11 (Prayer for Relief).

Although all of these cases allege "abuse of process" and all contend that various D.C. bar officials have engaged in a politically motivated campaign to "harass[] and financially harm[] Plaintiff," *id.* at 4 (Compl. ¶ 12), the allegations that "pertain[] directly to" Plaintiff's current claim, *id.* at 5 (Compl. ¶ 17) (capitalization altered), do not overlap with any claim raised in 18-cv-1579 and 18-cv-2209.  The cases focus on different events, involve different times periods, and turn on district legally theories.  Most notably, Plaintiff now contends that Defendants tortuously interfered with his business relationships with current or prospective clients by "willfully and vindictively . . . sending out a letter notifying" other jurisdictions of the bar discipline, without authority and without informing Plaintiff that they were doing so.  Dkt. 1 at 9 (Compl. ¶ 40).  Nothing raised or decided in the earlier two cases would provide the undersigned judge with a leg up in deciding this case, and thus "the Court [can]not foresee a significant savings of judicial resources in keeping both cases assigned to the same judge." *Trump*, 391 F. Supp. 3d at 97; *see also Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 120 (D.D.C. 2019) (finding that two cases did "not involve common issues of fact" where they "involve[d] different claims" (citation and internal quotation marks omitted)); *cf. Wilderness Soc'y*, 2020 WL 2849635, at *3 (finding cases did "not relate[] to the same subject matter" where they "involve[d] different actions, different agencies, and different legal claims").

Given the important role that this Court's random assignment system plays in promoting public confidence in the integrity of the judicial process, and given the narrow exception created by the local rules for truly related cases, the Court concludes that this case (and a further case that was reassigned to the undersigned judge as related to this case) should be returned to the Calendar Committee for reassignment.

6

In reaching that decision, the Court pauses to stress that it has rejected, and continues to reject, Plaintiff's contention that the undersigned judge should recuse from this and any similar matters. In Plaintiff's view, recusal is appropriate because he is a "conservative and non-partisan attorney" and the undersigned judge has previously ruled against him (in the two decisions that the D.C. Circuit subsequently affirmed) and donated to "Democratic candidates" before being appointed to this Court in 2014. Dkt. 39 at 2–3. Granting Plaintiff's request would, in the Court's view, have precisely the opposite effect as returning this case to the Calendar Committee for reassignment. While reassigning a case that is not, in fact, related, promotes public confidence in the judiciary, the recusal that Plaintiff requests would erroneously call into question the ability of Article III judges—appointed for life and sworn to uphold the law "faithfully and impartially," 28 U.S.C. § 453—to decide cases based solely on the law and the facts, as presented by the parties. Here, Plaintiff has repeatedly moved to recuse the undersigned without good cause. The undersigned has repeatedly rejected those requests, *see*, *e.g., Klayman v. Lim*, No. 18-cv-2209, 2019 WL 3752774, at *1 (D.D.C. Aug. 8, 2019), and the D.C. Circuit has affirmed those decisions, *see Lim*, 830 F. App'x at 663 ("Klayman's motion for recusal is . . . meritless."). As the D.C. Circuit explained, "[t]he fact of past political activity alone will rarely require recusal, and we conclude it does not do so here." *Id.* (quoting *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003)). Nothing differs about Plaintiff's request in this case, and that conclusion consequently applies here with equal force.

## CONCLUSION

For these reasons, the Court concludes that this case is not related to cases 18-cv-1579 and 18-cv-2209 within the meaning of Local Rule 40.5(a)(4). It is, accordingly, **ORDERED** that the Clerk of the Court shall return this case to the Calendar and Case Management

Committee for random reassignment. Moreover, because case number 20-3579 was reassigned to the undersigned judge simply because that case is, in fact, related to this case, it is further **ORDERED** that the Clerk of the Court shall return 20-3579 to the Calendar and Case Management Committee as well.

      **SO ORDERED**.

                                        /s/ Randolph D. Moss
                                        RANDOLPH D. MOSS
                                        United States District Judge

Date: April 28, 2021