IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW KAISER, JULIA PORTER, )<br>HAMILTON P. FOX, III, LAWRENCE K. )<br>BLOOM, JOHN DOES 1 TO 5, )<br>)<br>Defendants. ) | Case No. 1:21-cv-00727-ABJ |

**DEFENDANTS' MOTION FOR CONSOLIDATION OF RELATED CASES AND
MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(c), Defendants Matthew Kaiser, Julia Porter, Hamilton P. Fox III, and Lawrence K. Bloom hereby move this Court to transfer this matter to Judge Randolph D. Moss for consolidation with *Klayman v. Porter*, No. 20-cv-03109 and *Klayman v. Porter*, No. 20-cv-3579, both of which are like this case, variations of the same meritless challenge to D.C. Bar disciplinary proceedings concerning him. These actions all involve the same parties, arise out of the same subject matter, and are related under Civil Local Rule 40.5(c).[1] Defendants further move this Court pursuant to Federal Rule of Civil Procedure 6(b) to enlarge the time to respond to Plaintiff's Complaint until fourteen days after Judge Moss's resolution of the currently pending Motion for an Injunction Against Vexatious Litigation by Plaintiff in Civil Action 20-3109. *See* Mot. for Permanent Inj. Against Vexatious Litigation by Pl., *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C Feb. 25, 2021), ECF No. 21.

---

[1] As set forth more fully in the Memorandum in support of this Motion, this is the seventh action Plaintiff has lodged against Defendants Porter, Fox, and Bloom and the second involving Defendant Kaiser.

1

That motion was filed on February 25, 2021, 22 days before Plaintiff filed this action, his seventh case against D.C. Bar and Office of Disciplinary Counsel officials involved in his disciplinary proceedings. Pursuant to Local Civil Rule 7(m), counsel for Mr. Kaiser has conferred with Plaintiff. Plaintiff opposes this motion, and further advised he would seek sanctions for any such filing.

Dated: April 9, 2021               Respectfully submitted,

/s/ Benjamin B. Klubes
Benjamin B. Klubes (Bar No. 428852)
Preston Burton (Bar No. 426378)
Buckley LLP
2001 M Street, NW, Suite 500
Washington, D.C. 20036
(202) 349-8000
bklubes@buckleyfirm.com
pburton@buckleyfirm.com

*Counsel for Matthew Kaiser*

*/s/* Mark J. MacDougall
Mark J. MacDougall (D.C. Bar No. 398118) (with consent)
Caroline L. Wolverton (D.C. Bar No. 496433) (with consent)
Samantha Block (D.C. Bar No. 1617240) (with consent)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, D.C. 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
samantha.block@akingump.com
cwolverton@akingump.com

*Counsel for Julia Porter, Hamilton Fox, III, and Lawrence K. Bloom*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW KAISER, JULIA PORTER, )<br>HAMILTON P. FOX, III, LAWRENCE K. )<br>BLOOM, JOHN DOES 1 TO 5, )<br>)<br>Defendants. ) | Case No. 1:21-cv-00727-ABJ |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED CASES AND MOTION FOR AN EXTENSION OF <u>TIME TO RESPOND TO PLAINTIFF'S COMPLAINT</u>**

Plaintiff Larry Klayman filed this defamation action on March 19, 2021. ECF No. 1. It is yet the latest in a persistent series of lawsuits filed by Plaintiff against District of Columbia Office of Disciplinary Counsel and Board on Professional Responsibility personnel and officials. This latest action was preceded by at least six other serial lawsuits relating to substantially the same set of facts, namely disciplinary proceedings concerning Plaintiff. *See* Mot. for Permanent Inj. Against Vexatious Litigation by Pl. ("Mot. for Permanent Inj."), *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C Feb. 25, 2021), ECF No. 21 at 1. Plaintiff initiated Civil Action 20-3109, currently before Judge Moss, on October 2, 2020, in the U.S. District Court for the Western District of Texas. *See* Compl., *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1. On March 23, 2021, Judge Moss ordered the consolidation of Civil Action 20-3109 with another case in this series of lawsuits, *Klayman v. Porter*, 20-cv-3579, filed August 26, 2020, in the Northern District of Texas, and that matter has now been transferred from Judge Carl Nichols to

1

Judge Moss.  *See Klayman v. Porter*, 20-cv-03109-RDM, ECF No. 29 (finding consolidation of Civil Action 20-3109 and Civil Action 20-3579 appropriate); Minute Order, *Klayman v. Lim*, No. 18-cv-02209-RDM (D.D.C. Oct. 4, 2018) (advising Plaintiff that case was assigned to Judge Moss "as related to *Klayman v. Fox*, Civ. No. 18-1579").[2]

Plaintiff filed a similar action in the Northern District of California against the same group of defendants but adding Matthew Kaiser, Chair of the District of Columbia Board on Professional Responsibility.[3]  Consequently, Defendant Kaiser filed a Motion to Intervene in the matters before Judge Moss on March 11, 2021.  Mot. to Intervene and Notice of Joinder in Julia Porter, Hamilton P. Fox III, and Lawrence K. Bloom's Mot. for an Inj. Against Vexatious Litigation by Pl. ("Mot. to Intervene"), *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Mar. 11, 2021), ECF No. 26.  That motion remains pending.

Plaintiff filed this new lawsuit while Judge Moss is considering a Motion for an Injunction Against Vexatious Litigation by Plaintiff, filed by Defendants Porter, Fox, and Bloom on February 25, 2020, in Civil Action 20 -03109, ECF No. 21, and joined by Defendant-Intervenor Kaiser on March 11, 2021, *Klayman v. Porter*, 20-cv-03109-RDM, ECF No. 26.[4]  Indeed, Plaintiff's response to that motion is due at the end of this month.  Minute Order, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Mar. 11, 2021) (setting Plaintiff's deadline to respond as April 30, 2021).

---

[2] On April 9, 2021, Judge Moss issued a minute order raising the question of whether Civil Action 20-3109 was properly assigned to him as a related case to Civil Action Nos. 18-cv-1579 and 18-cv-2209, as those cases had been dismissed before No. 20-3109 was filed.  Minute Order, *Klayman v. Porter*, 20-cv-03109-RDM (D.D.C Apr. 9, 2021).  Judge Moss ordered the parties to brief this issue by April 15, 2021.  *Id.*

[3] That matter was docketed in this Court on April 8, 2021 and assigned to Judge Amit P. Mehta.  *Klayman v. Kaiser*, No. 21-cv-00965-APM (D.D.C. Apr. 8, 2021), ECF No. 32. We will be seeking transfer of that matter to also be consolidated with the matters before Judge Moss shortly.

[4] At the same time as these matters have been progressing, the D.C. Circuit considered Plaintiff's attempt to avoid a reciprocal suspension from that Court's bar.  *See In re Klayman*, No. 20-7110, 2021 WL 1149379 (D.C. Cir. Mar. 26, 2021).  The D.C. Circuit imposed a 90-day suspension, rejecting Plaintiff's challenges to his suspension and also referring him to that Court's Committee on Admissions and Grievances for further proceedings.  *Id.* at *6.

All of Plaintiff's lawsuits against this group of defendants seek to collaterally attack disciplinary proceedings involving his ability to practice law in the District of Columbia. *See* Mot. for Permanent Inj., *Klayman v. Porter*, 20-cv-03109-RDM (D.D.C Feb. 25, 2021), ECF No. 21, at 1–2. Plaintiff now attempts to recast the same issues in the guise of defamation claims against the same defendants, alleging in a conclusory fashion that D.C. Bar and Office of Disciplinary Counsel officials somehow directed the publication of an allegedly defamatory article as part of the same purported conspiracy against him. Compl. ¶ 10.

Defendant Kaiser is a lawyer in private practice in Washington, D.C. and he serves as the Chair of the District of Columbia Board of Professional Responsibility. Defendants Porter, Fox, and Bloom are employees of the Office of Disciplinary Counsel in the District of Columbia. Compl. ¶¶ 4–8. Plaintiff alleges that Defendants worked "in concert" as part of a purported campaign against him. Compl. ¶ 9. Plaintiff does not cite any specific evidence supporting this position other than his "information and belief." Compl. ¶¶ 11, 14, 21. Notably, he fails to attach the allegedly defamatory Politico article as an Exhibit to his Complaint. Plaintiff also fails to acknowledge that the bar proceeding that the Politico article summarizes was, as all such proceedings are, open and available to the public.

## ARGUMENT

Like Plaintiff's other actions against Defendants, the matter before this Court should be consolidated with the cases already before Judge Moss. Any requirement for Defendants to respond to this latest variant should be stayed until Judge Moss decides the pending motion to enjoin Plaintiff from filing further mutations of his meritless attacks.

**I.    Legal Standard**

"If actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a), (a)(2). Consolidation "is permissive and vests a purely discretionary power in the district court." *Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) (internal quotations omitted). In exercising this discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). "Actions that 'involve the same parties' or 'are likely to involve substantially the same witnesses and arise from the same series of events or facts' are 'apt candidates for consolidation.'" Order, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Mar. 23, 2021), ECF No. 29 at 1 (quoting *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017)). "Consolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial, eliminating the need for more than one judge to familiarize themselves with the issues presented, and reducing excess costs to all parties and the government." *Chang*, 217 F.R.D. at 265.

II.  **Consolidation is Appropriate**

The above-described cases involve the same parties and arise out of the same subject matter – Plaintiff's D.C. Bar disciplinary proceedings; they are also likely to involve the same witnesses (should any ever be required). These factors all weigh in favor of consolidation.

The allegations in Civil Action 21-727 revolve around Defendants' same purported series of actions concerning Plaintiff, his political beliefs and his legal practice. *Compare* Compl. ¶ 12 (alleging Defendants "intended to severely harm…Mr. Klayman's personal and professional reputations," "his public interest advocacy," and "his clients") *with* Compl. ¶ 10, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1 (alleging Defendants "have engaged in the equivalent of a partisan politically based agenda and in effect a 'jihad' to have Mr.

4

Klayman removed from the practice of law") *and* Compl. ¶ 11, *Klayman v. Porter*, No, 20-cv-03579 (D.D.C. Aug. 26, 2020), ECF. No. 1 (alleging Defendants are "attempting to remove [Plaintiff] from the practice of law" as a "scheme" against him); *Compare* Compl. ¶ 13 (alleging Defendants "set out…to negatively influence on-going bar disciplinary proceedings and court cases in order to work prejudice against Plaintiff Klayman and his mostly conservative activist clients" because "Defendants are very partisan leftists.") *with* Compl. ¶ 13, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1 (alleging that "Defendants' attempts to remove Plaintiff Klayman from the practice of law stem from his conservative, pro-Trump public and private advocacy") *and* Compl. ¶ 12, *Klayman v. Porter*, No, 20-cv-03579 (D.D.C. Aug. 26, 2020), ECF. No. 1 (repeating allegation that "Defendants' attempts to remove Plaintiff Klayman from the practice of law stem from his conservative, pro-Trump public and private advocacy"). Because the cases arise out of these same allegations, consolidation is appropriate and will save this Court, as well as the parties, considerable time and resources.

Additionally, because both cases are in the "preliminary stages, 'considerations of convenience and economy' strongly warrant consolidation, while the risks 'of confusion and prejudice' are low." Order, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Mar. 23, 2021), ECF No. 29 at 2 (quoting *Chang*, 217 F.R.D. at 265).

Further, because these cases "involve common issues of fact" and "grow out of the same event or transaction," they are related cases under the Local Civil Rules. Local Civ. R. 40.5(a)(3). Similar to the rule for consolidation, the related case rule is justified by "considerations of judicial economy." *Owens v. Republic of Sudan*, No. CV 01-2244 (JDB), 2021 WL 131446, at *3 (D.D.C. Jan. 14, 2021).

In circumstances where "the Court finds that 'it would waste judicial resources…to have another court address the same factual issues," cases are "properly designated as related." *Singh v. McConville*, 187 F. Supp. 3d 152, 157 (D.D.C. 2016) (quoting *Assiniboine & Sioux Tribe of the Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 159 (D.D.C. 2002)). Cases are related where "the Court will be required to make similar factual determinations in both cases." *Id.* at 156. When "the existence of related cases…is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." Local Civ. R. 40.5(a)(3).

Notably, this Court's Local Rules require a party to notify the Clerk of the existence of related cases at the time of filing. Local Civ. R. 40.5(c)(2). Plaintiff, however, indicated on the civil cover sheet filed with the Complaint in this action that there were no related cases. ECF No. 1-1. Plaintiff's declaration was incorrect and this matter should have been assigned to Judge Moss at the outset and in the ordinary course.

Finally, Federal Rule of Civil Procedure 6(b)(1)(A) provides that "the court may, for good cause, extend the time… with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P 6(b)(1)(A). "Rule 6(b)(1)'s good cause standard is subject to the district court's discretion and does not require a showing of excusable neglect if the opposing party requests the enlargement of time before the original time or its extension expires." *Cooper v. United States Dep't of Just.*, 169 F. Supp. 3d 20, 45 (D.D.C. 2016) (internal quotations omitted); *see also Smith v. D.C.*, 430 F.3d 450, 456 (D.C. Cir. 2005) (noting that D.C. Circuit has "been quite deferential to Rule 6(b) decisions"). "The focus of the 'good cause' inquiry is whether the party seeking the extension has shown due diligence in meeting the deadline to respond." *McFadden v. Washington Metro. Area Transit Auth.*, No. CV 14-1115

(RBW), 2014 WL 12776122, at *2 (D.D.C. Sept. 9, 2014) (finding that, among other reasons, "the coordination of filing responsive pleadings to a lengthy complaint with multiple defendants, involving multiple federal and state claims, is a complicated, tedious, and time-consuming task," satisfying good cause). Defendants have been diligent in filing responsive pleadings in the various serial lawsuits filed by Plaintiff against Defendants. Good cause exists to enlarge the time to respond to Plaintiff's latest complaint, particularly as the motion for injunctive relief currently before Judge Moss may well resolve these issues.

## CONCLUSION

This action and *Klayman v. Porter*, No. 20-cv-03109-RDM, involve the same subject matter and overlapping parties. They involve the same plaintiff and three of the same defendants, and the remaining defendant in this action, Mr. Kaiser, has moved to intervene in Civil Action 20-3109 for the purposes of joining a motion to enjoin further frivolous lawsuits against him by Plaintiff. Therefore, consolidation would be convenient and economical for the Court and the parties without risking confusion and prejudice, consolidation is appropriate. Consolidation is particularly appropriate given the serial litigation unleashed by Plaintiff, Judge Moss' order consolidating Civil Action 20-3579 with Civil Action 20-3109, and where prophylactic relief is under consideration to put an end to Plaintiff's abuse of the legal process. Defendants respectfully request that this Court (1) transfer this matter to Judge Moss for consolidation with the other cases, and (2) extend the Defendants' deadline to answer or move to dismiss Plaintiff's Complaint in this matter until fourteen days after Judge Moss's resolution of the pending Motion for an Injunction Against Vexatious Litigation by Plaintiff.

| | |
|---|---|
| Dated: April 9, 2021 | Respectfully submitted,<br><br>/s/ Benjamin B. Klubes<br>Benjamin B. Klubes (Bar No. 428852)<br>Preston Burton (Bar No. 426378)<br>Buckley LLP<br>2001 M Street, NW, Suite 500<br>Washington, D.C.  20036<br>(202) 349-8000<br>bklubes@buckleyfirm.com<br>pburton@buckleyfirm.com<br><br>*Counsel for Matthew Kaiser*<br><br><br>/s/ Mark J. MacDougall<br>Mark J. MacDougall (D.C. Bar No. 398118) (with consent)<br>Caroline L. Wolverton (D.C. Bar No. 496433) (with consent)<br>Samantha Block (D.C. Bar No. 1617240) (with consent)<br>Akin Gump Strauss Hauer & Feld LLP<br>2001 K Street, NW<br>Washington, D.C. 20006-1037<br>Tel: (202) 887-4000<br>Fax: (202) 887-4288<br>mmacdougall@akingump.com<br>samantha.block@akingump.com<br>cwolverton@akingump.com<br><br>*Counsel for Julia Porter, Hamilton Fox, III, and Lawrence K. Bloom* |

**CERTIFICATE OF SERVICE**

I certify that on April 9, 2021, a copy of the foregoing document was filed and served electronically through this Court's CM/ECF Filing System upon all counsel of record who are registered users.

/s/ Benjamin B. Klubes
Benjamin Klubes (Bar No. 428852)

1