UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-3109 (RBW) |
| JULIA PORTER, et al., | ) |
| Defendants. | ) |

# ORDER

On October 2, 2020, the plaintiff filed his Complaint in this case in the Western District of Texas, see Complaint ("Compl.") at 1, alleging claims of tortious interference, see id. ¶¶ 37–41; and abuse of process, see id. ¶¶ 42–47. On October 29, 2020, the case was transferred to this Court, see Order at 2 (Oct. 29, 2020), ECF No. 13, and assigned to Judge Randolph D. Moss, see Min. Order (Nov. 13, 2020) (reflecting a Minute Order issued by Judge Moss). On December 10, 2020, the defendants filed their first motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Defendants' Motion to Dismiss at 1, ECF No. 18. Then, on December 22, 2020, the defendants filed a motion to consolidate this case with Klayman v. Porter, Civil Action No. 20-3579, because the two cases "involve the same parties, arise out of the same underlying events, seek the same relief, and involve substantively identical issues of law." Defendants' Motion for Consolidation at 1, ECF No. 20. On February 25, 2021, the defendants filed a motion "for an injunction prohibiting [the p]laintiff" from (1) "filing any civil claim" that named either the defendants, the Office of the Disciplinary Counsel of the District of Columbia Bar, or a District of Columbia Bar official as a party; and (2) "serving or causing to be served one or any of the [defendants] with a subpoena or any other instrumentality

1

of civil discovery" (the "defendants' motion for a permanent injunction"). Defendants' Motion for an Injunction Against Vexatious Litigation by Plaintiff at 1, ECF No. 21.

On March 11, 2021, Matthew Kaiser, the "Chair of the District of Columbia Board on Professional Responsibility[,]" moved to intervene in this case and to join the defendants' motion for a permanent injunction. See Matthew Kaiser's Motion to Intervene and Notice of Joinder in Julia Porter, Hamilton P. Fox III, and Lawrence K. Bloom's Motion for an Injunction Against Vexatious Litigation by Plaintiff at 1, ECF No. 26.

On March 22, 2021, the plaintiff filed his response to the defendants' motion to consolidate, representing that he "does not oppose consolidation . . . so long as the consolidated case proceeds before the Honorable Carl J. Nichols" of this Court. Plaintiff's Response to Motion to Consolidate at 1, ECF No. 28. On March 23, 2021, the Court granted the defendants' motion to consolidate and, in accordance with Local Civil Rule 40.5(c)(2), which states that "the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case[,]" LCvR 40.5(c)(2), ordered that the cases be consolidated before Judge Moss, despite the plaintiff's request. Order at 2 (Mar. 23, 2021), ECF No. 29.

On March 30, 2021, the plaintiff filed a motion "for leave to file . . . correspondence with [Chief Judge] Beryl [A.] Howell [of this Court,]" regarding how "cases [brought by the plaintiff] came to be assigned to" particular judges. Plaintiff's Motion for Leave to File Correspondence with Hon. Beryl Howell at 1, ECF No. 31. On April 6, 2021, the defendants filed an additional motion to dismiss Civil Action No. 20-3579. See Defendants' Motion to Dismiss at 1, ECF No. 32.

On April 9, 2021, Judge Moss issued a Minute Order, stating that "this matter was assigned to him as related to Civil Action Nos. 18-cv-1579 and 18-cv-2209[,]" however, "[b]ecause both of those cases had been dismissed before this action was brought, Local Rule 40.5(a)(3) was inapplicable."  Min. Order (Apr. 9, 2021) (Local Rule 40.5(a)(3) describes the circumstances under which civil cases are deemed related).  Judge Moss therefore ordered the parties to "file briefs . . . addressing whether this case is related to Civil Action Nos. 18-cv-1579 and 18-cv-2209[,]" two other cases assigned to Judge Moss, "under Local Rule 40.5(a)(4)[,]" including "whether this matter involves the same parties and relat[es] to the same subject matter as Civil Action Nos. 18-cv-1579 and 18-cv-2209 within the meaning of Local Rule 40.5(a)(4)."  Id. (internal quotation marks and alterations omitted) (Local Rule 40.5(a)(4) states that "cases . . . shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter."  LCvR 40.5(a)(4)).  On April 12, 2021, the defendants filed a motion for "leave to file [a] supplement to" their motion for a permanent injunction.  Defendants' Motion for Leave to Supplement Defendants' Motion for an Injunction Against Vexatious Litigation by Plaintiff at 1, ECF No. 36.

On April 28, 2021, Judge Moss issued a Memorandum Opinion and Order, directing that "the Clerk of the Court shall return this case [and Civil Action No. 20-3579] to the Calendar and Case Management Committee for random reassignment" because these cases were not related to Civil Actions No. 18-1579 and 18-2209 "within the meaning of Local Rule 40.5(a)(4)."  Memorandum Opinion and Order at 7–8, ECF No. 41.  On April 29, 2021, the case was "randomly reassigned to Judge Dabney L. Friedrich."  Min. Entry (Apr. 29, 2021).

3

On May 6, 2021, Judge Friedrich denied the defendants' motion to consolidate a third case, Klayman v. Kaiser, Civil Action No. 21-727, with this case, because she "was [and remains] a member of the Disciplinary Panel for this District Court that imposed reciprocal discipline upon [the p]laintiff for the conduct described in the article from which the plaintiff's defamation claims arise" in Civil Action No. 21-727.  Min. Order (May 6, 2021) (internal quotation marks omitted).

On May 10, 2021, the plaintiff filed a combined (1) opposition to the defendants' motion for a permanent injunction, (2) request for an evidentiary hearing, and (3) cross-motion for sanctions.  See Plaintiff's Opposition to Defendants' Motion for Injunction Against Vexatious Litigation by Plaintiff, Request for Evidentiary Hearing or Trial, and Cross Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority at 1, ECF No. 46.  On that same date, he also filed his opposition to the defendants' motions to dismiss.  See Plaintiff's Opposition to Defendants' Motion to Dismiss at 1, ECF No. 47.  On May 17, 2021, the defendants filed their replies in support of their motions for a permanent injunction and to dismiss.  See Defendants' Reply in Support of Their Motion for an Injunction Against Vexatious Litigation by Plaintiff at 1, ECF No. 49; Defendants' Reply in Support of Their Motion to Dismiss at 1, ECF No. 50.  On May 24, 2021, the defendants filed an opposition to the plaintiff's motion for an evidentiary hearing and cross-motion for sanctions, see Defendants' Opposition to Plaintiff's Cross-Motions for Sanctions and Evidentiary Hearing at 1, ECF No. 51, and on May 26, 2021, the plaintiff filed his reply, see Plaintiff's Reply to Opposition to Request for Evidentiary Hearing or Trial, and Cross Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority at 1, ECF No. 52.

On July 23, 2021, Judge Friedrich issued a Minute Order, stating that, "[b]ecause [her] 'impartiality might reasonably be questioned' due to [her] participation in the disciplinary panel's proceedings[,]" she had "directed the Clerk of the Court to contact the parties . . . to determine whether all of the parties waive the disqualification." Min. Order (July 23, 2021) (citing Canon 3D, Code of Conduct for U.S. Judges). On July 26, 2021, the plaintiff filed a letter, in which he advised the Clerk of the Court that he "cannot consent to waive the conflict of interest pursuant to Canon 3D[.]" Notice of Filing, ECF No. 53, Ex. 1 (Letter from Larry Klayman, Esq. to Angela D. Caesar, Clerk of Courts, U.S. District Ct. for the D.C. (July 26, 2021)) at 1. Consequently, on July 27, 2021, this case was randomly reassigned to the undersigned. See Reassignment of Civil Case at 1, ECF No. 54.

In light of the complex procedural history of this case and the numerous pending motions, the Court will hold a status conference during which the parties shall advise the Court as to their respective priorities for resolution of the pending motions. In the interim, the Court will deny the pending motions without prejudice, and, following the status conference, will reinstate the motions as needed in the order in which they will be resolved.

Accordingly, it is hereby

**ORDERED** that, on October 29, 2021, at 9:00 a.m., the parties shall appear before the Court for a status conference, via teleconference, by calling 1-877-873-8017 and entering the Court's access code (8583213) followed by the pound key (#). It is further

**ORDERED** that the Defendants' Motion to Dismiss, ECF No. 18, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendants' Motion for an Injunction Against Vexatious Litigation by Plaintiff, ECF No. 21, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that Matthew Kaiser's Motion to Intervene and Notice of Joinder in Julia Porter, Hamilton P. Fox III, and Lawrence K. Bloom's Motion for an Injunction Against Vexatious Litigation by Plaintiff, ECF No. 26, is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that Plaintiff's Motion for Leave to File Correspondence with Hon. Beryl Howell, ECF No. 31, is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that the Defendants' Motion to Dismiss, ECF No. 32, is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that the Defendants' Motion for Leave to Supplement Defendants' Motion for an Injunction Against Vexatious Litigation by Plaintiff, ECF No. 36, is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that the Defendants' Motion for Consolidation of Related Cases and Motion for an Extension of Time to Respond to Plaintiff's Complaint, ECF No. 45, is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that the plaintiff's Request for Evidentiary Hearing or Trial and Cross Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority, ECF No. 48, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 24th day of September, 2021.

REGGIE B. WALTON
United States District Judge