IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW KAISER, JULIA PORTER, )<br>HAMILTON P. FOX, III, LAWRENCE K. )<br>BLOOM, )<br>)<br>Defendants. )<br>) | Civil Action Nos. 20-3109, 21-3579, 21-965 |

## DEFENDANTS' MOTION FOR INTERIM RELIEF

Defendants Julia Porter, Hamilton Fox, III, Lawrence K. Bloom, and Matthew Kaiser respectfully move the Court to grant interim injunctive relief while the Court considers Defendants' pending Motion for an Injunction Against Vexatious Litigation by Plaintiff in light of Plaintiff's filing, on December 6, 2021, of a substantially identical complaint against Defendants in the Circuit Court for the 15th Judicial Circuit of Florida.[1]  Specifically, Defendants respectfully move the Court to enjoin Plaintiff from filing or causing to be filed any civil claim in which one or any of Matthew Kaiser, Julia Porter, Hamilton P. Fox, III, Lawrence K. Bloom, the District of Columbia Office of Disciplinary Counsel, the District of Columbia

---

[1] Plaintiff's latest civil suit was filed in Florida on December 6, 2021.  Seven days earlier, on November 29, Plaintiff filed his Motion for Extension of Time, seeking a ten-day extension of time (to December 9, 2021) to file his Response to Defendants' Joint Motion to Dismiss, ECF No. 58, asserting that he required the additional time to attend to, "[I]mportant family matters before and over the Thanksgiving holiday period, and an important appellant brief due in another case during this time period."  ECF No. 59 at 1.  By Minute Order dated December 1, 2021, the Court granted Plaintiff's Motion for Extension of Time.  Defendant evidently made use of the additional time granted by the Court to draft and file his latest lawsuit and continue the very pattern of conduct that the Defendants ask the Court to enjoin.

1

Board on Professional Responsibility, any former or current employee of either body is named as a party, or any D.C. Bar official is named as a party, and from serving or causing to be served on one or any of Matthew Kaiser, Julia Porter, Hamilton P. Fox, III, Lawrence K. Bloom, the Office of Disciplinary Counsel, or the Board on Professional Responsibility with a subpoena or any other instrumentality of civil discovery as a third party in any other legal proceeding in which Mr. Klayman is a party, until such time as the Court has ruled on Plaintiff's pending Motion for an Injunction Against Vexatious Litigation.  A supporting Memorandum of Points and Authorities accompanies this motion.  A proposed order is also attached.

In accordance with LCvR 7(m), counsel for Defendants met and conferred with counsel for Plaintiff regarding this motion on January 7, 2022.  The motion is opposed.

Dated: January 7, 2022

Respectfully submitted,

*/s/ Mark J. MacDougall*
Mark J. MacDougall (D.C. Bar No. 398118)
Caroline L. Wolverton (D.C. Bar No. 496433)
Samantha J. Block (D.C. Bar No. 1617240)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
cwolverton@akingump.com
samantha.block@akingump.com

*Counsel for Defendants Julia Porter, Hamilton Fox, III, Lawrence K. Bloom*

*/s/ Preston Burton*
Benjamin B. Klubes (Bar No. 428842)
Preston Burton (Bar No. 426378)
BUCKLEY LLP
2001 M Street, NW, Suite 500

Washington, DC 20036
(202) 349-8000
bklubes@buckleyfirm.com
pburton@buckleyfirm.com

*Counsel for Defendant Matthew Kaiser*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW KAISER, JULIA PORTER, ) <br> HAMILTON P. FOX, III, LAWRENCE K. ) <br> BLOOM, ) <br> ) <br> Defendants. ) <br> ) | Civil Action Nos. 20-3109, 21-3579, 21-965 |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR INTERIM RELIEF**

**INTRODUCTION**

For years, Plaintiff Larry Klayman has been filing meritless, harassing lawsuits against various officials associated with the District of Columbia Bar's Office of Disciplinary Counsel and the District of Columbia Board on Professional Responsibility. On February 25, 2021, Defendants first moved this Court for injunctive relief to preclude further vexatious lawsuits filed by Defendant against the Office of Disciplinary Counsel and its lawyers. The Court has most recently indicated that the motion will be considered in March of this year. In the meantime, however, Plaintiff has amplified his campaign of harassment and his effort to find a forum friendly to his campaign, by filing yet another lawsuit against these defendants.

Defendants Julia Porter, Hamilton Fox, III, and Lawrence K. Bloom filed a Motion for Injunction Against Vexatious Litigation (the "Motion") on February 25, 2021, ECF 21, and Defendant Matthew Kaiser moved to intervene for the purposes of joining that motion on March 11, 2021, ECF 26. Defendants' Motion described what was then a series of six lawsuits aimed at

1

the Defendants, all stemming from Plaintiff's dissatisfaction with disciplinary actions regarding his license to practice law in the District of Columbia. *See* Motion at 1–3.

On November 2, 2021, following a hearing, this Court entered a schedule for outstanding motions in these three consolidated cases, including the Motion, which sets March 7, 2022, as the target date for resolution. ECF 57. On November 29, Plaintiff moved for an extension of time to file his opposition to Defendants' joint motion to dismiss, requesting that his deadline be moved from November 29, 2021 to December 9, 2021, citing "important family matters before and over the Thanksgiving holiday period, and an important appellant brief due in another case during this time period." ECF 59 at 1. This Court granted Plaintiff's motion for extension. Min. Order, Dec. 1, 2021.

Unmentioned in Plaintiff's motion for an extension, and unknown to Defendants, was that Plaintiff was at the same time preparing a *seventh* vexatious and fully redundant complaint against Defendants. Plaintiff filed this new complaint on December 6, 2021, in state court in Florida. Plaintiff has recently filed a copy of this complaint with the Court.[2] *See* ECF 63, Ex. 1. That Plaintiff would so flagrantly abuse the extension this Court allowed, based on his assertion of important family matters and competing work obligations, and file yet another action while a motion to enjoin this very sort of activity was pending is nothing short of astonishing but underscores the need for immediate relief.

---

[2] On January 6, 2021, after Defendants removed the Florida suit to federal court, Plaintiff voluntarily dismissed the action. On January 7, 2022, Plaintiff informed us that he has refiled in state court in Florida.

2

**ARGUMENT**

A party requesting interim relief in the form of a preliminary injunction must show "[1] that [he or she] is likely to succeed on the merits, [2] that [he or she] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [his or her] favor, and [4] that an injunction is in the public interest." *Lofton v. D.C.*, 7 F. Supp. 3d 117, 120 (D.D.C. 2013) (alterations in original) (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)).[3] Here, all four requirements are satisfied, and the Court should grant preliminary relief.

### A. Defendants Are Likely to Succeed on the Merits of Their Motion.

As argued in detail in Defendants' Motion, the Court may enjoin a vexatious plaintiff when he files complaints or motions that are "frivolous, harassing, or duplicative of prior filings," *Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co.*, 271 F. Supp. 2d 142, 148 (D.D.C. 2003), so long as the plaintiff receives notice and an opportunity to be heard, the court creates an adequate record for review, and makes "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 130 (D.D.C. 2015) (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)).

The frivolous and harassing nature of Plaintiff's complaints is well documented in Defendants' Motion and most recently illustrated by his seventh and most recent complaint, filed in Florida state court. In short, Plaintiff's successive claims are excessively burdensome on

---

[3] As this Court has recognized, courts in this Circuit have previously applied a "sliding scale" approach to evaluating preliminary injunctions, which allows the party requesting the injunction to prevail without showing all four requirements are in its favor if it makes a particularly strong showing regarding other factors. *See Changji Esquel Textile Co. v. Raimondo*, No. CV 21-1798 (RBW), 2021 WL 5138472, at *3 n.4 (D.D.C. Nov. 4, 2021). This approach has been called into question by the D.C. Circuit, but has not been formally abandoned. *Id.* The Court should issue the injunction requested here whether it requires a positive showing on all four requirements or applies the more lenient "sliding scale" test.

Defendants' time as they and their attorneys must review and respond to each new filing- regardless of its duplicative and frivolous nature.  The complaints are draining on Defendants and their families as Plaintiff's process server intrudes on their personal lives to serve them at their homes, and the complaints constitute a time-consuming distraction from the important work that they must perform on behalf of the courts, lawyers and citizens of the District of Columbia.  Plaintiff's serial, and substantially identical, claims also drain resources from the District's judicial system.  Indeed, Plaintiff has a history of persisting until a court puts an end to his behavior.  Another U.S. District Court has previously enjoined Plaintiff's practice of filing serial, redundant and baseless civil suits, noting his "history of 'vexatious conduct'"  *Klayman v. DeLuca*, 712 F. App'x 930, 932-33 (11th Cir. 2017).  That decision was later affirmed by the U.S. Court of Appeals for the 11th Circuit.  *Id*.

      Plaintiff's latest lawsuit, filed in a Florida state court, demonstrates that he will not curtail his abuse of legal process in order to harass and abuse lawyers employed by or associated with the Office of Disciplinary Counsel and Committee on Professional Responsibility officials – unless so ordered by the Court under risk of contempt.  Indeed, Plaintiff did not stop filing duplicative complaints after the first two were summarily dismissed by this Court in decisions that were subsequently affirmed by the U.S. Court of Appeals for the D.C. Circuit.  *See*, *e.g.*, *Klayman v. Fox*, No. 18-1579 (RDM), 2019 WL 2396538, *4–5 (D.D.C. June 5, 2019); *Klayman v. Lim*, No. 18-2209 (RDM), 2019 WL 2396539, *6 (D.D.C. June 5, 2019); *Klayman v. Lim*, Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020).  For these reasons, Defendants are likely to succeed on the merits of their Motion, and the Court should grant interim relief pending consideration and disposition of the Motion.

### B. Defendants Are Likely to Suffer Irreparable Harm.

Courts have regularly found that being forced to "defend [oneself] against a vexatious litigant who repeatedly assert[s] baseless allegations" is an irreparable harm that justifies injunctive relief. *See Laosebikan v. Coca-Cola Co.*, 415 F. App'x 211, 215 (11th Cir. 2011); *see also Abram-Adams v. Citigroup, Inc.*, No. 12-80339-CIV, 2013 WL 451897, at *2 (S.D. Fla. Feb. 6, 2013) ("Defendant also shows that it would suffer irreparable harm by having to defend itself against a vexatious litigant who repeatedly asserts baseless allegations against it."); *In re Dublin Sec., Inc.*, 133 F.3d 377, 381 (6th Cir. 1997) (finding "the potential irreparable harm to the defendants" if an injunction were not issued "is obvious," as they would be "forced to defend in yet another forum" against "identical claims"); *New York Life Ins. Co. v. Deshotel,* 946 F.Supp. 454, 465-466 (E.D. La. 1996) ("Courts have repeatedly found that immediate and irreparable injury results from having to defend claims that should be barred.").

Defendants and other officials affiliated with the D.C. Bar have now been sued for the *seventh* time (in five jurisdictions) regarding the same controversy over disciplinary proceedings and sanctions arising out of Plaintiff's professional misconduct in the District of Columbia. Even while the Motion is pending – which would force Plaintiff to abandon this illicit pattern of abuse of process – Plaintiff shows no signs of stopping his campaign of filing serial and substantially identical lawsuits in different jurisdictions in the apparent hope that he will find a court – federal or state – that will entertain his claims. Without the requested injunctive relief, Plaintiff's pattern of vexatious litigation will surely continue before the Court considers Defendants' pending Motion. This is precisely the form of irreparable harm that justifies interim injunctive relief.

### C. The Balance of Equities Favors the Defendants.

The balance of equities favors issuing the interim injunction sought with this Motion. Evaluating the equities requires "the Court to 'balance the competing claims of injury and … consider the effect on each party of the granting or withholding of the requested relief.'" *Protect Democracy Project, Inc. v. United States Dep't of Just.*, 498 F. Supp. 3d 132, 143 (D.D.C. 2020) (ellipsis in original). The balance of equities "may favor a preliminary injunction that serves only 'to preserve the relative positions of the parties'" until the Court fully adjudicates the merits. *Id.* Courts have found that the issuance of a preliminary injunction against vexatious litigation does not harm the party enjoined because they are not barred from accessing the court and can seek leave to file a new complaint. *Laosebikan*, 415 F. App'x at 215; *Abram-Adams*, 2013 WL 451897, at *2 ("Plaintiff is not harmed as a result of the injunction and is not foreclosed from accessing the Court because…this order only requires her to first submit any prospective complaint to the Court for screening before the complaint is filed."); *Tyndale House Publishers, Inc. v. Sebelius*, 904 F. Supp. 2d 106, 130 (D.D.C. 2012) ("[R]isk of being sued" is a hardship that results in a change to the status quo, and tips the balance of equities in favor of injunctive relief.).

Here, without preliminary relief, Defendants will likely be subject to additional burdensome and entirely baseless lawsuits initiated by the Plaintiff in various jurisdictions across the country. Plaintiff, on the other hand, will not be harmed by the requested injunction because he can seek leave of the Court to file any legitimate new suit. The status quo will therefore be preserved until this Court can fully consider and adjudicate Defendants' motion.

### D. Interim Relief is in the Public Interest.

Enjoining vexatious litigation is in the public interest because it prevents "further harassment" of defendants, which causes "clogging of the judicial machinery with meritless

pleadings, and further overloading of already overloaded court dockets." *Abram-Adams*, 2013 WL 451897, at *2 (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002)). Such is the case here, where Plaintiff's actions – continuing to file additional duplicative pleadings after various versions have been dismissed and while Defendants' Motion is pending – show that he very likely will continue to harass Defendants and clog court dockets with additional meritless complaints unless the Court enjoins this behavior.

## CONCLUSION

For the reasons stated above, the Court should grant Defendants' Motion for Interim Relief and issue a preliminary injunction enjoining Plaintiff from filing or causing to be filed any civil claim in which one or any of Matthew Kaiser, Julia Porter, Hamilton P. Fox, III, Lawrence K. Bloom, the District of Columbia Office of Disciplinary Counsel, the District of Columbia Board on Professional Responsibility, any former or current employee of either body is named as a party, or any D.C. Bar official is named as a party, and from serving or causing to be served on one or any of Matthew Kaiser, Julia Porter, Hamilton P. Fox, III, Lawrence K. Bloom, the Office of Disciplinary Counsel, or the Board on Professional Responsibility with a subpoena or any other instrumentality of civil discovery as a third party in any other legal proceeding in which Mr. Klayman is a party, until such time as the Court has ruled on Plaintiff's pending Motion for an Injunction Against Vexatious Litigation.

Dated: January 7, 2022                    Respectfully submitted,

                                          */s/ Mark J. MacDougall*
                                          Mark J. MacDougall (D.C. Bar No. 398118)
                                          Caroline L. Wolverton (D.C. Bar No. 496433)
                                          Samantha J. Block (D.C. Bar No. 1617240)
                                          AKIN GUMP STRAUSS HAUER & FELD

2001 K Street, NW
Washington, DC 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
cwolverton@akingump.com
samantha.block@akingump.com

*Counsel for Defendants Julia Porter, Hamilton Fox, III, Lawrence K. Bloom*

*/s/ Preston Burton*

Benjamin B. Klubes (Bar No. 428842)
Preston Burton (Bar No. 426378)
BUCKLEY LLP
2001 M Street, NW, Suite 500
Washington, DC 20036
(202) 349-8000
bklubes@buckleyfirm.com
pburton@buckleyfirm.com

*Counsel for Defendant Matthew Kaiser*