IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW KAISER, JULIA PORTER, HAMILTON P. FOX, III, LAWRENCE K. BLOOM,<br><br>    Defendants. | Case No. 20-cv-03109-RBW<br>(Case No. 21-cv-3579 and Case No. 21-cv-965 consolidated with Case No. 20-cv-03109-RBW) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Even a cursory review of the record demonstrates that Plaintiff Larry Klayman's motion for sanctions and other responses (Dkt. Nos. 89–91) to Defendants' argument during the Court's June 29 telephonic hearing and subsequent filing responding to questions raised by the Court during that hearing ("Defs' Submission," Dkt. No. 85) lacks merit and should be summarily denied. Plaintiff's response and subsequent addendums repeat contentions that have been fully briefed before this Court and add a frivolous request for sanctions against Defendants' counsel.

**I. None of the Statements Identified by Plaintiff Are False.**

Plaintiff's filings – his July 25, 2022 Response to Defendants' Submission in Response to Questions Raised by the Court During the Telephonic Hearing of June 29, 2022 and Motion for Sanctions ("Sanctions Motion") (Dkt. No. 89), and his July 25, 2022 addendum (Dkt. No. 90) and amended addendum (Dkt. No. 91) – merely repeat the same or substantially similar variations on Plaintiff's various arguments that this Court and other courts have heard in the now eight serial lawsuits brought by Plaintiff against these and other officials of the Office of Disciplinary Counsel

("ODC") and D.C. Bar Board on Professional Responsibility (the "Board") regarding disciplinary actions related to Plaintiff's license to practice law in DC.

In his sanctions motion, Plaintiff identifies six statements made by counsel for the Defendants during the June 29, 2022 telephonic hearing before this Court he baselessly claims are "false." Plaintiff argues that these statements merit sanctions against Defendants' counsel. *See* Pl. Sanctions Mot. at 14 (Dkt. No. 89). As set forth below, Plaintiff offers no basis to find that any of these statements are false or merit consideration for sanctions.

    i.    **Statement 1**[1]

Plaintiff disagrees with counsel's statement that "the DC Circuit has ruled on these facts." Defs' Joint Motion to Dismiss ("Defs' MTD") (Dkt. No. 58) explains that the earlier cases adjudicated by Judge Moss arose from the same facts at issue here – namely, Plaintiff's allegations that professional disciplinary proceedings involving his ability to practice law in the District of Columbia result from him being targeted by ODC and the Board due to his political views. *See* Defs' MTD at 4–5 (Dkt. No. 58); *Klayman v. Fox* ("*Klayman I*"), No. 18-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019); *Klayman v. Lim* ("*Klayman II*"), No. 18-2209 (RDM), No. 2019 WL 2396539 (D.D.C. June 5, 2019).

*Klayman I* and *Klayman II* were both dismissed by Judge Moss, and the D.C. Circuit affirmed in *Klayman v. Lim*, Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020). Nevertheless, Plaintiff vigorously disputes that the three cases before this Court involve the same facts, as he has done in his other briefing before this Court. *See* Pl. Sanctions Mot. at 3 (Dkt. No. 89). His disagreement, of course, does not mean that Defendants' argument is false, or support Klayman's accusation that defense counsel "lied to this Court." *Id.*

---

[1] Pl. Sanctions Mot. at 2 (Dkt. No. 89).

### ii.     Statement 2[2]

Plaintiff next disagrees with Defendants' contention that absolute immunity applies to the conduct he has alleged. *See* Defs' MTD at 7–11 (Dkt. No. 58). Plaintiff argues absolute immunity does not apply, but offers no support for *sanctioning* counsel for making a legal argument, supported by authority, with which he disagrees. Indeed, when Plaintiff filed this lawsuit, the U.S. District Court for the District of Columbia already had twice held that the Office of Disciplinary Counsel is *non sui juris* and that Plaintiff's claims are barred by absolute immunity. *Klayman I*, No. 18-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019); *Klayman II*, No. 18-2209 (RDM), No. 2019 WL 2396539 (D.D.C. June 5, 2019).

### iii.    Statement 3[3]

Similar to Statements 1 and 2, Plaintiff again argues that counsels' statements that Defendants are entitled to "absolute immunity" are "completely false" and warrant sanctions. Plaintiff offers no support – nor could he – for the theory that advancing these arguments in a hearing before this Court is somehow sanctionable conduct. This argument fails as a matter of law and ignores the decisions in *Klayman I* and *Klayman II*, which the D.C. Circuit affirmed. *See* Defs' MTD at 7–11 (Dkt. No. 58); *Klayman v. Lim*, Nos. 19-7099, 19-7100, 2020 WL 6038713 (D.C. Cir. Oct. 6, 2020); *Klayman I*, No. 18-1579 (RDM), 2019 WL 2396538 (D.D.C. June 5, 2019); *Klayman II*, No. 18-2209 (RDM), No. 2019 WL 2396539 (D.D.C. June 5, 2019).

### iv.     Statement 4[4]

Plaintiff next argues that counsel for Defendant Kaiser's statement that there is "no allegation with respect to Mr. Kaiser that he actually either played any role in notifying the other

---

[2] *Id.* at 4.
[3] *Id.* at 8.
[4] *Id.* at 8–9.

courts other than conclusory assertions of acting in concert," is "entirely false," and merits sanctions. The quotes from Plaintiff's complaint that he offers to purportedly rebut counsel's argument consist of allegations that (i) Mr. Kaiser "failed to take remedial action" when Plaintiff complained about disciplinary proceedings against him, (ii) Mr. Kaiser wrote a letter stating that Plaintiff had not identified impropriety in ODC's alleged actions, and (iii) irrelevant allegations regarding political campaign contributions. Pl. Sanctions Mot. at 9 (Dkt. No. 89). Plaintiff therefore fails to show that Mr. Kaiser's counsel's statements were "false." The passages cited by Plaintiff, much less the allegations in the complaint naming Mr. Kaiser as a defendant, do not set forth any allegation regarding Defendant Kaiser's purported role in allegedly notifying other courts of discipline against Plaintiff other than, as Mr. Kaiser's counsel noted during the hearing, the conclusory allegation that he acted in concert with others. Review of Plaintiff's complaint naming Mr. Kaiser demonstrates that, as counsel stated, there are no actual allegations of fact in support of Plaintiff's conclusory assertion that Mr. Kaiser had any involvement in any alleged notices to other jurisdictions. (*See* Compl., *Klayman v. Kaiser*, No. 1:21-cv-00965, ¶¶ 18, 19, 36–43).

      v.        **Statement 5**[5]

Plaintiff characterizes counsel's statement – that he is unaware of any authority requiring ODC officials to notify Plaintiff when letters regarding an attorney's disciplinary status are sent to other jurisdictions – as "fraudulent." Pl. Sanctions Mot. at 10 (Dkt. No. 89). Plaintiff claims to have a different interpretation of what is required of ODC, but fails to cite any support for that interpretation. Moreover, the July 1, 2022 submission made by counsel for Defendants Porter, Fox, and Bloom explains that notice to other jurisdictions regarding disciplinary proceedings is explicitly permitted by D.C. Bar R. XI, § 17(c). *See* Defs' Submission at 5–6 (Dkt. No. 85).

---

[5] *Id.* at 10.

      **vi.**    **Statement 6[6]**

Counsel for Defendant Kaiser noted in the June 29, 2022 hearing that Plaintiff's complaint in *Klayman v. Kaiser*, Case No. 1:21-cv-00965 – the only one of the instant lawsuits to name Kaiser as a defendant – "alleges no facts supporting Plaintiff's assertion that Mr. Fox, Mr. Porter or Mr. Kaiser had any role in sending the notice that he complains about." Pl. Sanctions Mot. at 11 (Dkt. No. 89). In response, Plaintiff cites his Complaint's conclusory, unsupported allegation – rather than an allegation supported by reference to actual facts – that all of the Defendants "act[ed] in concert" as part of a conspiracy against him. *Id*. Although Plaintiff asserts that defense counsel's statement was "shameless[]" and "false," like his similar argument with respect to Statement 4, Plaintiff provides no facts to contradict counsel's argument regarding the complaint in question and fails to rebut anything in defense counsel's statement.

**II.**    <u>**None of the Statements Identified by Plaintiff are Sanctionable Under Any Standard.**</u>

The absence of merit in Plaintiff's motion for sanctions is clear. Plaintiff cites no statute, rule, or case law supporting his argument, and identifies no basis for sanctions. Plaintiff has failed to show that Defendants' filing warrants sanctions under any standard, much less the high standard for 28 U.S.C. § 1927 sanctions against counsel or sanctions under Rule 11. *See In re Papst Licensing GMBH & Co. KG Litig.*, 631 F. Supp. 2d 42, 47 (D.D.C. 2009) (courts should exercise their power to award sanctions under 1927 "only in instances of a serious and studied disregard for the orderly process of justice."); *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 100 (D.D.C. 2007) (in order to impose the "harsh punishment" of Rule 11 sanctions, a court must determine that "a reasonable inquiry would have revealed that there was no basis in law or fact for

---

[6] *Id.* at 11.

the asserted claim.")[7]. To impose § 1927 sanctions, a court must determine that an "attorney's conduct has been '*at least* reckless,'" defined as a "conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." *See Naegele v. Albers*, 355 F. Supp. 2d 129, 145 (D.D.C. 2005) (emphasis in original).

Plaintiff's litigation history and view of how judicial process should work is well documented in this Court and other courts throughout the United States. Plaintiff claims that when his motions are denied, the presiding court is biased against Plaintiff for political reasons and must recuse itself from the case. *See, e.g.*, Plaintiff's Mot. for Recons. of the Ct.'s Order Granting Mot. to Dismiss and for Recusal or Disqualification at 8, *Klayman II*, 2019 WL 2396539, ECF No. 25; *see also* Plaintiff's Mot. for Leave to File Surreply and Proposed Reply at 2, *Klayman I*, 2019 WL 2396538, ECF No. 16 (assuming that the only reason the court could have temporarily stayed discovery is because the judge "lack[ed] impartiality toward[s] Plaintiff, and instead partiality in favor of the Defendants"); *Klayman v. City Pages*, 2015 WL 1546173, ECF. No. 139. When Plaintiff's case is dismissed or his motion to remand rejected, the presiding court is corrupt and must be investigated. *See, e.g.*, *In re Bundy*, 840 F.3d 1034, 1047 (9th Cir. 2016) (noting "that Klayman has shown disregard for district judges in the past by confronting them personally"); *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 963 (2d Cir. 1998) (affirming Southern District of New York court's ruling that barred Plaintiff from appearing pro hac vice in perpetuity and sanctioned him for "undignified [and] discourteous conduct that is degrading to [the district court]" by, among other things, making accusations of racial and political bias); *Baldwin Hardware*

---

[7] As this Court has noted, a "frivolous Rule 11 sanction motion may itself be a violation of Rule 11." *Ahuruonye v. United States Dep't of Interior*, 312 F. Supp. 3d 1, 26 n.22 (D.D.C. 2018).

*Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550, 555 (Fed. Cir. 1996) (affirming Central District of California court's ruling that revoked Plaintiff's ability to appear pro hac vice in perpetuity and sanctioned him for accusing the trial judge of anti-Asian bias and "unreasonably and vexatiously multiplying the proceedings"). When the presiding court rules against him, the court must account for its actions that are unsatisfactory to the Plaintiff. *See, e.g.*, *Klayman v. Blackburne-Rigsby, et al.*, No. CV 21-00409 (D.D.C. Feb. 17, 2021) (accusing thirteen sitting D.C. Court of Appeals judges of imposing unconstitutional and "malicious" interim suspension while determining whether to suspend him for 18 months for professional misconduct); *Klayman v. Judicial Watch, Inc.*, No. 06-cv-670 (D.D.C.), ECF Nos. 298, 345, 414, and 606 (filing motions to recuse or disqualify Judge Kollar-Kotelly after she imposed monetary and evidentiary sanctions). And so when opposing counsel dares to argue in opposition to Plaintiff, he or she must be sanctioned and subjected to professional discipline.

### III.  **Plaintiff's Motion for Sanctions is Procedurally Deficient.**

Plaintiff's motion for Rule 11 sanctions is procedurally invalid. When a party intends to file a Rule 11 motion for sanctions, the party must first serve that motion on the alleged violator and wait 21 days. Fed. R. Civ. P. 11(c)(2). During that 21-day period – the so-called "safe harbor" period – the opposing party may withdraw or correct the challenged filing. This allows a party to reconsider questionable conduct without fear that doing so will be viewed later as an admission that the pleading in question violated Rule 11. Fed. R. Civ. P. 11, advisory committee's note. Plaintiff filed his motion for sanctions without providing Defendants' counsel with a copy of the motion even one day in advance, much less the required 21 days. Given Plaintiff's failure to comply with the basic provisions of Rule 11, the Court should deny the motion for sanctions without reaching the substance of Plaintiff's allegations.

Even if the Court considers Plaintiff's Rule 11 motion, the motion is without merit and should be dismissed. The standard for finding frivolity is high: the position must be "based on groundless factual allegations" and contain "no evidence to support the[] allegations." *Lawson v. Sec'y, Dep't of Corr.*, 563 F. App'x 678, 680 (11th Cir. 2014) (citation omitted). Here, Plaintiff demands sanctions solely based on Defendants' response to questions raised by the Court – and based on the opinions in *Klayman I* and *Klayman II*, and regarding the allegations in Plaintiff's own complaints – all of which are in this Court's files. For the reasons explained above, Defendants' responses are based on well-established law and reasonable arguments regarding the factual allegations in Plaintiff's complaints. While Plaintiff argues without support that Defendants' counsel's statements are "patently false" (Dkt. No. 89 at 1), Defendants have shown that Plaintiff's assertions consist of inaccurate assessments of the law, and disagreement with Defendants' arguments regarding the allegations in his pleadings. There is simply no basis for imposing sanctions against Defendants or Defendants' counsel. Indeed, Plaintiff's failure to offer any evidence that Defendants acted in bad faith or engaged in dilatory tactics shows that Plaintiff's motion for sanctions is itself frivolous.[8] *See Klayman v. Judicial Watch, Inc.*, 802 F.Supp.2d 137, 138–39 (D.D.C. 2011) (finding Plaintiff's "consistent pattern of engaging in dilatory tactics, his disobedience of Court-ordered deadlines, and his disregard for the Federal Rules of Civil Procedure and the Local Rules of this Court" required further, more severe, sanctions).

---

[8] To the extent that Plaintiff attempts to remedy these deficiencies by adding new arguments in a forthcoming reply, these materials should not be considered. *See, e.g.*, *Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008) ("As the D.C. Circuit has consistently held, the Court should not address arguments raised for the first time in a party's reply.").

Plaintiff's motion offers no basis to conclude that any statement made by Defendants' counsel was reckless, in bad faith, or that a reasonable inquiry would have revealed that they had no basis in law or fact.[9]  Therefore, Plaintiff's motion for sanctions should be denied.

Dated: August 5, 2022                                              Respectfully submitted,

/s/ Mark J. MacDougall
Mark J. MacDougall (D.C. Bar No. 398118)
Thomas P. McLish (D.C. Bar No. 450993)
Caroline L. Wolverton (D.C. Bar No. 496433)
Samantha J. Block (D.C. Bar No. 1617240)
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street, NW
Washington, DC 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
tmclish@akingump.com
cwolverton@akingump.com
samantha.block@akingump.com

*Counsel for Defendants Julia Porter,
Hamilton Fox, III, and Lawrence K. Bloom*


/s/ Preston Burton
Preston Burton (D.C. Bar No. 426378)
Buckley LLP
2001 M Street, NW, Suite 500
Washington, D.C. 20036
(202) 349-8000
pburton@buckleyfirm.com

*Counsel for Matthew Kaiser*

---

[9] Plaintiff also asserts that this matter "must also be referred to an independent authority" for "investigation." Pl. Sanctions Mot. at 14 (Dkt. No. 89). Plaintiff's motion offers no reason to find that this is the case. To the extent that this is a request for the Court's recusal, Plaintiff has asserted nothing suggesting that "a reasonable and informed observer would question the judge's impartiality," as required for such a motion. *See, e.g., Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 16, 20 (D.D.C. 2010).