**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY ELLIOT KLAYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-3109-RBW, consolidated |
| ) | with Case Nos. 20-cv-3579, 21-cv-0965 |
| JULIA PORTER, HAMILTON FOX, III, ) | |
| LAWRENCE BLOOM, MATTHEW ) | |
| KAISER, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR CLARIFICATION AND ENFORCEMENT OF ORDER
GRANTING DEFENDANTS' MOTION FOR AN INJUNCTION
AGAINST VEXATIOUS LITIGATION BY PLAINTIFF**

Notwithstanding the Court's Order and Opinion Issued on August 29, 2022, Plaintiff Larry

Klayman ("Klayman") has filed yet another civil claim against Julia Porter, Hamilton Fox III, and

Matthew Kaiser, along with others, in the Superior Court for the District of Columbia.  We

respectfully submit that this action violates the Court's August 29, 2022, Order.

Defendants Julia Porter, Hamilton Fox III, and Matthew Kaiser ("Defendants") file this

Motion to Clarify and Enforce the Court's Order granting Defendants' Motion for an Injunction

Against Vexatious Litigation by Plaintiff, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C.

Feb. 25, 2021), ECF No. 21.  *See* Aug. 29, 2022 Mem. Op. and Order, ECF Nos. 94, 95.  On

November 4, 2022, undeterred by this Court or multiple prior decisions addressing the same issues,

Plaintiff filed yet another lawsuit against Defendants, this time in the Superior Court for the District

of Columbia.  *See Klayman v. Sataki*, 2022-CAB-005235 (D.C. Super. Ct. Nov. 4, 2022) (Ex. 1)

("D.C. Superior Court Action" or "Complaint").  The D.C. Superior Court Action names nine

defendants, including Julia Porter, Hamilton Fox III, Matthew Kaiser, the Office of Disciplinary

Counsel, others involved in his disciplinary proceedings, and his own former client.  *Id.* at 1-2.

Plaintiff's Complaint is merely another attempt to collaterally attack disciplinary proceedings regarding his ability to practice law in the District of Columbia, based on his disagreement with D.C. Bar rules that, as this Court recently held, confer absolute immunity on Office of Disciplinary Counsel personnel for their official actions.  *See* D.C. Bar Rule XI, § 19(a).

Defendants believe that the Court's August 29, 2022 Memorandum Opinion and Order is intended to fully grant the relief sought by Defendants.  The Court's Opinion states Plaintiff is enjoined from "from filing any new actions against, or serving any additional subpoenas on, the defendants, without first making application to and receiving the consent of this Court [or] *any other court* where [additional] litigation is proposed to be filed."  *See* Aug. 29, 2022 Mem. Op. at 21-22 (alterations in original) (emphasis added) (internal quotation marks omitted).  Plaintiff did not file an application to receive consent from this Court or the D.C. Superior Court before filing the Complaint.  Defendants therefore move the Court to (i) clarify for Plaintiff that this Court's injunction extends to his most recent filing in *Klayman v. Sataki*, 2022-CAB-005235; and (ii) enforce its August 29, 2022 Order by directing Plaintiff to dismiss his claims against the defendants in *Klayman v. Sataki* to the extent such defendants are encompassed by this Court's August 29, 2022 Order.

Pursuant to Local Civil Rule 7(m), counsel for Defendants have informed Plaintiff of this motion.  Plaintiff opposes this motion.

Dated:  December 13, 2022                    Respectfully submitted,

                                             */s/ Mark J. MacDougall*
                                             Mark J. MacDougall (D.C. Bar No. 398118)
                                             Caroline L. Wolverton (D.C. Bar No. 496433)
                                             Samantha J. Block (D.C. Bar No. 1617240)

Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, D.C. 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
cwolverton@akingump.com
samantha.block@akingump.com

*Counsel for Julia Porter, Hamilton Fox, III, and
Lawrence Bloom*


*/s/ Preston Burton*
Preston Burton (D.C. Bar No. 426378)
Buckley LLP
2001 M Street, NW, Suite 500
Washington, D.C. 20036
(202) 349-8000
pburton@buckleyfirm.com
*Counsel for Matthew Kaiser*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY ELLIOT KLAYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-3109-RBW, consolidated |
| ) | with Case Nos. 20-cv-3579, 21-cv-0965 |
| ) | |
| JULIA PORTER, HAMILTON FOX, III, ) | |
| LAWRENCE BLOOM, MATTHEW ) | |
| KAISER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION
AND ENFORCEMENT OF ORDER GRANTING DEFENDANTS' MOTION FOR AN
INJUNCTION AGAINST VEXATIOUS LITIGATION BY PLAINTIFF**

## INTRODUCTION

On August 29, 2022, this Court issued an opinion and order that, *inter alia*, (i) granted Defendants' motion for an injunction against vexatious litigation by Plaintiff Larry Klayman ("Plaintiff"), (ii) granted Defendants' motion to dismiss, and (iii) closed the case.  *See* Aug. 29, 2022 Mem. Op. and Order, ECF Nos. 94, 95.[1]  Notwithstanding this Court's Opinion and Order, Plaintiff filed a complaint against Defendants in D.C. Superior Court on November 4, 2022.  *See Klayman v. Sataki*, 2022-CAB-005235 (D.C. Super. Ct. Nov. 4, 2022) ("D.C. Superior Court Action" or "Complaint") (Ex. 1).  Defendants Porter, Fox, and Kaiser, as well as the Office of Disciplinary Counsel ("ODC") and others appear as defendants in the Complaint.  *Id.* at 1-2.  The D.C. Superior Court Action relies on the same core allegations that have been the basis for all of Plaintiff's civil suits against Defendants since 2018.  These include the basic (and unsupported) assertion that Plaintiff's professional disciplinary proceedings are without merit and are due to his conservative political views and the bias of the Defendants when taking official actions.[2]

---

[1] This Court denied Plaintiff's motion to stay implementation of the injunction pending appeal.  *See* Sept. 7, 2022 Order, ECF No. 99; *see also* Aug. 29, 2022 Mot. to Stay, Notice of Appeal, ECF Nos. 96, 97.  Plaintiff filed an appeal to the United States Court of Appeals for the D.C. Circuit, and also moved the D.C. Circuit to stay implementation of this Court's Order pending appeal.  *See* Appellant's Mot. to Stay and for Other Relief, *Klayman v. Porter*, No. 22-7123 (D.C. Cir. Sept. 30, 2022).  On December 2, 2022, the D.C. Circuit denied Plaintiff's motion to stay.  *See* Order, *Klayman v. Porter,* No. 22-7123 (D.C. Cir. Dec. 2, 2022) (*per curiam*).

[2] *Compare* Compl. ¶ 13 (alleging defendants "were driven by an extrajudicial bias and animus based on both ideology, politics and gender and their singular and admitted goal to remove Mr. Klayman from the practice of law"), *with* Compl. ¶ 10, *Klayman v. Porter*, No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1 (alleging Defendants "have engaged in the equivalent of a partisan politically based agenda and in effect a 'jihad' to have Mr. Klayman removed from the practice of law"), *and* Compl. ¶ 11, *Klayman v. Porter,* No, 20-cv-03579 (D.D.C. Aug. 26, 2020), ECF. No. 1 (alleging Defendants are "attempting to remove [Plaintiff] from the practice of law" as a "scheme" against him); *Compare* Compl. ¶ 13, *Klayman v. Porter,* No. 20-cv-03109-RDM (D.D.C. Oct. 2, 2020), ECF No. 1 (alleging that "Defendants' attempts to remove Plaintiff Klayman from the practice of law stem from his conservative, pro-Trump public and private advocacy"), *and* Compl. ¶ 12, *Klayman v. Porter,* No, 20-cv-03579 (D.D.C. Aug. 26, 2020), ECF. No. 1 (repeating allegation that "Defendants' attempts to remove Plaintiff Klayman from the practice of law stem from his conservative, pro-Trump public and private advocacy").

Plaintiff's new Superior Court claim constitutes the latest installment in his mission to harass Defendants and collaterally attack disciplinary proceedings pertaining to his ability to practice law in the District of Columbia. *See In re Klayman*, No. 20-BG-583, 282 A.3d 584 (D.C. Sept. 15, 2022) (Ex. 2). Defendants seek an order from this Court that clarifies and enforces the previously-issued filing injunction against Plaintiff as a vexatious litigant.

## DISCUSSION

### A.   This Court's Opinion and Order Granted Defendants' Request for Injunctive Relief

This Court granted Defendants' motion for permanent injunctive relief within a detailed 34-page opinion. *See* Aug. 29, 2022 Mem. Op., ECF No. 94. As to Defendants' request for relief from vexatious litigation, the Court found that Defendants established the three factors required to obtain a pre-filing injunction. *Id.* at 15-22. First, Plaintiff "has been provided with sufficient notice and opportunity to be heard." *Id.* at 17. Second, Plaintiff "has filed six substantially similar lawsuits, all of which derive from the disciplinary proceedings and related actions regarding the plaintiff." *Id.* at 19. Finally, Plaintiff's filings are "frivolous and harassing." *Id.* at 21 (internal quotation marks, alteration, and citation omitted). Accordingly, the Court "enjoin[ed] the plaintiff from filing any new actions against, or serving any additional subpoenas on, the defendants, without first making application to and receiving the consent of [the district court] or any other court where additional litigation is proposed to be filed." *Id.* at 21-22 (internal quotation marks and alterations omitted).

The Court's accompanying Order grants Defendants' Motion for an injunction barring Plaintiff from filing additional cases against Defendants, their employer, current and former employees of the ODC, the Board on Professional Responsibility (the "Board"), or any D.C. Bar official. *See* Aug. 29, 2022 Order at 2, ECF No. 95; Defs.' Mot. for Inj. Against Vexatious Lit. by

Pl., ECF No. 21 ("Defs.' Inj. Mot.").  While the Order specifically prohibits Plaintiff from filing "any new action, complaint, or claim for relief" in connection with certain matters "derived from the plaintiff's disciplinary proceedings" and against ODC and Board-related defendants in federal court, the Court did not specify whether Defendants' request that the injunction extend to state courts and other fora is also granted.  *See* Order at 2, ECF No. 95; Defs.' Inj. Mot. at 2, ECF No. 21 (requesting that Plaintiff be enjoined from filing any new action against Defendants "in any federal court, state court, or any other forum").  The Court's Memorandum Opinion quotes Defendants' request that the injunction extend to state courts and other fora, *see* Mem. Op. at 15, ECF No. 94 (quoting Defs.' Inj. Mot. at 2), but does not expressly grant or deny this request.

Notably, while the Order enjoins Plaintiff from filing a new related "action, complaint, or claim for relief" against Defendants in federal court, it further enjoins Plaintiff from serving or causing to be served any Defendant with an instrumentality of civil discovery "in *any other legal proceeding* concerning [the same subject matter]."  Order at 2, ECF No. 95 (emphasis added). Thus, the Court's Order indicates that the injunction against Plaintiff's use of civil discovery does extend beyond federal courts.  Further, the Court discussed Plaintiff's state-court filings to find that the "number and content" of Plaintiff's past filings and their "frivolous or harassing" nature warrant a pre-filing injunction.  *See* Mem. Op. at 3, 6, 18-20, ECF No. 94 (discussing Plaintiff's previous D.C. Superior Court suit).[3]  This Court's discussion indicates its findings apply equally to future filings in federal and state courts or other fora.  Moreover, the Court "GRANTED"

---

[3] Plaintiff has also filed several near-identical state court actions in Florida against Defendants. *See* Notice of Removal, *Klayman v. Porter*, 9:22-CV-80003 (S.D. Fla. Jan. 3, 2022), ECF No. 1; Notice of Removal, *Klayman v. Porter*, 9:22-CV-80270 (S.D. Fla. Feb. 17, 2022), ECF No. 1; Notice of Removal, *Klayman v. Porter*, 9:22-CV-80642 (S.D. Fla. Apr. 25, 2022), ECF No. 1; Notice of Removal, *Klayman v. Porter*, 9:22-CV-81925 (S.D. Fla. Aug. 22, 2022), ECF No. 1.

Defendants' motion for an injunction, and the Order does not state that the motion was only partially granted.  *See* Order at 2, ECF No. 95.

**B.**     **Plaintiff Filed Another Lawsuit Without Seeking Leave of Court**

Plaintiff wasted little time orchestrating an attempt to evade both the letter and spirit of this Court's injunction.  On November 4, 2022, Plaintiff filed another complaint, naming Defendants Porter, Fox, and Kaiser (among others) as defendants.  *See* Compl. at 1-2.  Plaintiff's D.C. Superior Court Action styles itself as one that brings causes of action for relief from judgment, civil conspiracy, and laches.  *Id.* ¶¶ 94-109.  Plaintiff further alleges his latest action is "not a new action" because it purports to seek relief from a September 15, 2022 decision by the D.C. Court of Appeals that suspends him from the practice of law in the District of Columbia for 18 months.  *Id.* ¶ 14; *see also In re Klayman*, No. 20-BG-583, 282 A.3d 584  (D.C. Sept. 15, 2022) (Ex. 2).  The D.C. Court of Appeals decision relates directly to a disciplinary proceeding against Plaintiff which was ongoing at the time of the Defendants' February 2021 filing for an injunction.  *See* Defs.' Inj. Mot. at 1 n.1 (Feb. 25, 2021), ECF No. 21 at 8.

As with Plaintiff's previous serial lawsuits, and despite his attempts to vary the structure or language of his claims, the gravamen of Plaintiff's newest complaint remains substantially identical to every other meritless lawsuit he has filed involving the D.C. Bar and ODC and its officials.  *See e.g.,* Compl. ¶¶ 13, 42, 46, 56, 59.  Plaintiff's baseless litigation continues to harm Defendants and their families, regardless of the forum in which he files.  Unless this Court takes action to clarify and enforce its August 29, 2022 Opinion and Order, Defendants will be required to continue to expend resources litigating meritless claims and will continue to be subjected to harassment and abuse by Plaintiff.  *See* Bloom Decl., ECF No. 21-2 at 1; Porter Decl., ECF No. 21-2 at 5; Fox Decl., ECF No. 21-2 at 9.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move the Court to (i) clarify that this Court's August 29, 2022 Opinion and Order encompasses Plaintiff's latest filing in *Klayman v. Sataki*, 2022-CAB-005235, and (ii) enforce its August 29, 2022 permanent injunction by ordering Plaintiff to dismiss his claims in *Klayman v. Sataki*, 2022-CAB-005235 against all defendants within the scope of this Court's Order.

Dated:  December 13, 2022                Respectfully submitted,

<div style="margin-left:40%">

*/s/ Mark J. MacDougall*
Mark J. MacDougall (D.C. Bar No. 398118)
Caroline L. Wolverton (D.C. Bar No. 496433)
Samantha J. Block (D.C. Bar No. 1617240)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, D.C. 20006-1037
Tel: (202) 887-4000
Fax: (202) 887-4288
mmacdougall@akingump.com
cwolverton@akingump.com
samantha.block@akingump.com

*Counsel for Julia Porter, Hamilton Fox, III, and Lawrence Bloom*

*/s/ Preston Burton*
Preston Burton (D.C. Bar No. 426378)
Buckley LLP
2001 M Street, NW, Suite 500
Washington, D.C. 20036
(202) 349-8000
pburton@buckleyfirm.com

*Counsel for Matthew Kaiser*

</div>