IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN<br><br>        Plaintiff,<br>v.<br><br>JULIA PORTER, HAMILTON FOX III, and LAWRENCE BLOOM<br><br>        Defendants. | **CASE NOS: 20-cv-3109, 21-3579, 21-965** |

**PLAINTIFF LARRY KLAYMAN'S INTERIM RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION AND ENFORCEMENT OF ORDER GRANTING DEFENDANTS' MOTION FOR AN INJUNCTION AGAINST VEXATIOUS LITIGATION BY PLAINTIFF**

Plaintiff Larry Klayman ("Mr. Klayman") hereby submits the following interim response to the Defendants' Motion for Clarification and Enforcement of Order Granting Defendants' Motion for and Injunction Against Vexatious Litigation By Plaintiff, ECF No. 101 (hereafter "Defendants' Motion"), and Mr. Klayman will also be submitting a full response in due course as provided by the rules of this Court.

Mr. Klayman hereby attaches his correspondence with counsel for the Defendants, MJ Egan, of December 12, 2022, sent after MJ Egan threatened without factual or legal bases, to file Defendants' Motion. In this email Mr. Klayman explained and set forth why this is not a new case, but a continuation of *In re Klayman*, 20-BG-583 (D.C.C.A.) and therefore sanctioned by District of Columbia Civil Rule 60.

> My Rule 60 complaint is not subject to Judge Walton's order as it is a continuation of the preexisting case involving Elham Sataki and the September 15, 2022 suspension order and judgment of the District of Columbia Court of Appeals.
>
> Thus it is not a new action, as we set forth in the Rule 60 complaint and does not come under and is not subject to Judge Walton's order, which is on appeal. I have an absolute right to file this complaint.
>
> Any attempt to enjoin this prescribed action, which it was my right to file, would be frivolous and in bad faith will be met with a motion for sanctions and other appropriate relief, as well as other legal recourse.
>
> I have an absolute right to contest and have set aside under Rule 60 the September 15, 2022, suspension order and judgment and any attempt to abridge my right would be vexatious and pure harassment. Klayman Email of December 12, 2022, <u>attached hereto.</u>

Mr. Klayman's email correspondence was notably and improperly omitted from the Defendants' Motion. Furthermore, in the subject Rule 60 complaint, Mr. Klayman further explains and sets forth that "[t]his instant action is therefore a continuation of *In re Klayman*, 20-BG-583 (D.C.C.A), as Mr. Klayman is simply seeking relief from judgment under Rule 60, and is therefore not a new action." *See* Rule 60 Comp. ¶ 14. Exhibit 1 to Defendants' Motion.

    Mr. Klayman will respond timely and fully to the substance of the Defendants' motion in due course, along with a motion for sanctions, as provided by the rules of this Court.

Date: December 13, 2022                                             Respectfully submitted,

                                                                                          */s/ Larry Klayman*
                                                                                      Larry Klayman, Esq.
                                                                                      7050 W. Palmetto Park Rd
                                                                                      Boca Raton, FL, 33433
                                                                                      Tel: (561)-558-5336
                                                                                      Email: leklayman@gmail.com

                                                                                      Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, December 13, 2022 a copy of the foregoing was filed using the Court's ECF system and served on counsel for all parties via the Court's ECF system.

/s/ Larry Klayman



Oliver Peer <oliver.peerfw@gmail.com>

## Re: Motion: Klayman v. Julia Porter, et al. (Case Nos. 20-cv-3109, 20-cv-3579, 21-cv-0965) D.D.C.

**Larry Klayman** <klaymanlaw@gmail.com>                               Mon, Dec 12, 2022 at 1:55 PM
To: Larry Klayman <klaymanlaw@gmail.com>
Cc: "Egan, MJ" <mjegan@akingump.com>, "Wolverton, Caroline" <cwolverton@akingump.com>, "MacDougall, Mark" <mmacdougall@akingump.com>, "Hicks, Adria" <AHicks@akingump.com>, Oliver Peer <oliver.peerfw@gmail.com>, Asher Anderson <asher.andersonfw@gmail.com>

Mr. Egan:

Further, my Rule 60 complaint is not subject to Judge Walton's order as it is a continuation of the preexisting case involving Elham Sataki and the September 15, 2022 suspension order and judgment of the District of Columbia Court of Appeals. Thus it is not a new action, as we set forth in the Rule 60 complaint and does not come under and is not subject to Judge Walton's order, which is on appeal. I have an absolute right to file this complaint.

Any attempt to enjoin this prescribed action, which it was my right to file, would be frivolous and in bad faith will be met with a motion for sanctions and other appropriate relief, as well as other legal recourse.

I have an absolute right to contest and have set aside under Rule 60 the September 15, 2022, suspension order and judgment and any attempt to abridge my right would be vexatious and pure harassment.

Please therefore advise TODAY if you will accept service of the complaint for all of the defendants.

Larry Klayman
[Quoted text hidden]