**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN

             Plaintiff,

v.

JULIA PORTER,  HAMILTON FOX III, and
LAWRENCE BLOOM

             Defendants.

**CASE NOS: 20-cv-3109, 21-3579, 21-965**

**PLAINTIFF LARRY KLAYMAN'S OPPOSITION  TO DEFENDANTS' MOTION FOR CLARIFICATION AND ENFORCEMENT OF ORDER GRANTING DEFENDANTS' MOTION FOR AN INJUNCTION AGAINST VEXATIOUS LITIGATION BY PLAINTIFF AND CROSS MOTION FOR SANCTIONS**

Plaintiff Larry Klayman ("Mr. Klayman") hereby submits the following full response to in opposition to the Defendants' Motion for Clarification and Enforcement of Order Granting Defendants' Motion for and Injunction Against Vexatious Litigation By Plaintiff, ECF No. 101 (hereafter "Defendants' Motion"). Defendants' Motion improperly and without basis seeks for the Court to intervene in a lawsuit filed by Mr. Klayman in the District of Columbia Superior Court styled *Klayman v. Sataki et al*, 2022-CAB-005235 pursuant to District of Columbia Civil Rule 60 (the "Rule 60 Complaint"). As set forth below, there is clearly no grounds for the Court to intervene in the pending Rule 60 Complaint.

**I.      The Rule 60 Complaint Is Not Enjoined by the Court's August 29, 2022 Order**

It is clear that the Court's order of August 29, 2022, ECF No. 95, only enjoins Mr. Klayman from:

> filing, in any **federal court**, any **new** action, complaint, or claim for relief concerning any matter derived from the plaintiff's disciplinary proceedings which are the subject of this case as well as Klayman v. Fox, Civil Action No. 18-cv-1579; Klayman v. Lim, Civil Action No. 18-cv-2209; and Klayman v. Porter, No. 2020 CA 000756 B, and against the defendants; their employer, the Office of the Disciplinary Counsel; current and former employees of the office of Disciplinary Counsel, the Board of Professional Responsibility; or any D.C. Bar officials…. (emphasis added).

*First*, there is no ambiguity in the language of the Court's August 29, 2022 order. Only complaints filed in <u>federal court</u> are enjoined. The Rule 60 Complaint, on the other hand, was not filed in federal court, and instead filed in the District of Columbia Superior Court – the equivalent of a state court. And, the Rule 60 Complaint could only have been filed in state court, as it is a continuation of *In re Klayman*, 20-BG-583 (D.C.C.A.), as set forth below, so this was not an attempt at "forum shopping" by Mr. Klayman to avoid the Court's August 29, 2022 order. Thus, pursuant to the express language of the August 29, 2022 order, the Rule 60 Complaint is not enjoined or prohibited, and the Court may not intervene.

The cold, hard fact that the August 29, 2022 order only enjoins federal court complaints is conceded by Defendants, who tactically and disingenuously, without basis, ask for "clarification" of the Court's August 29, 2022 order, despite there being no ambiguity and therefore no "clarification" necessary. The Court made an affirmative decision to include the limiting language "<u>in any federal court</u>," into the August 29, 2022 order, and despite the Defendants' apparent argument that the Court must have committed an error in including this limiting language, there is simply nothing of any substance to back up this accusation. Thus,

there is no need for the Court to correct itself, as it's August 29, 2022 order is unambiguous and crystal clear and indeed it has no jurisdiction over a state or a District of Columbia court in any event; thus the reason for the limitation.

Almost certainly, the reason that the Court chose to limit its August 29, 2022 order to cases filed in federal court is due to the Anti-Injunction Act, 28 U.S.C. § 2283, which "forbids federal courts from issuing injunctions to stay proceedings in state courts unless one of three enumerated exceptions applies. 28 U.S.C. § 2283. More specifically, a court of the United States may not grant an injunction to stay proceedings in a state court unless (1) expressly authorized by an act of Congress, (2) an injunction is necessary to aid the federal court's jurisdiction, or (3) an injunction is necessary to protect or effectuate the federal court's judgments. *Id.* The Anti-Injunction Act serves as "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the Act's] three specifically defined exceptions." *Naegele v. Albers*, 843 F. Supp. 2d 123, 128 (D.D.C. 2012).

It is well settled that any doubts must be construed in favor of allowing the state court matter to proceed:

These statutory exceptions are not to be enlarged by "loose statutory construction." *Id.* at 287; *see Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 514, 75 S. Ct. 452, 99 L. Ed. 600, 71 Ohio Law Abs. 177 (1955) ("[T]he prohibition [of § 2283] is not to be whittled away by judicial improvisation."). Animating the Anti-Injunction Act is Congress' focus on the delicate balance between federal and state courts' respective spheres of authority. *See Toucey v. N.Y. Life Ins. Co.*, 314 U.S. 118, 135, 62 S. Ct. 139, 86 L. Ed. 100 (1941) ("The Act . . . expresses the desire of Congress to avoid friction between the federal government and the states resulting from the intrusion of federal authority into the orderly functioning of a state's judicial process."). Courts therefore recognize that "any doubts are to be resolved in favor of allowing the state court action to proceed." *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir. 1988) (en banc).

Here, none of the three enumerated exceptions apply, given the fact that the Rule 60 Complaint does not disturb the August 29, 2022 order, *id*., the Anti-Injunction Act prohibits the Court from intervening in the Rule 60 Complaint proceeding.  Indeed, the third exception to "protect or effectuate the federal court's jurisdiction" only applies when "an injunction is necessary to protect a federal court's judgments from repeal in future state proceedings." *Id*. at 129. Since the Rule 60 Complaint does not seek to repeal any of this Court's judgments, this exception does not apply.

*Second*, pursuant to the express language of the August 29, 2022 order, only <u>new</u> actions are prohibited. The Rule 60 Complaint, on the other hand, is not a <u>new</u> action, and is simply a continuation of *In re Klayman*, 20-BG-583 (D.C.C.A.), as the only avenue for Mr. Klayman to seek relief from the judgment in that case is the filing of a lawsuit pursuant to District of Columbia Civil Rule 60. This was explained in Mr. Klayman correspondence with counsel for the Defendants, MJ Egan, of December 12, 2022, sent after MJ Egan threatened without factual or legal bases, to file Defendants' Motion:

> My Rule 60 complaint is not subject to Judge Walton's order as it is a continuation of the preexisting case involving Elham Sataki and the September 15, 2022 suspension order and judgment of the District of Columbia Court of Appeals.

> Thus it is not a new action, as we set forth in the Rule 60 complaint and does not come under and is not subject to Judge Walton's order, which is on appeal. I have an absolute right to file this complaint.

> Any attempt to enjoin this prescribed action, which it was my right to file, would be frivolous and in bad faith will be met with a motion for sanctions and other appropriate relief, as well as other legal recourse.

> I have an absolute right to contest and have set aside under Rule 60 the September 15, 2022, suspension order and judgment and any attempt to abridge my right would be vexatious and pure harassment. Exhibit 1.

Again, Mr. Klayman's email correspondence was notably and improperly omitted from the Defendants' Motion.

Furthermore, in the subject Rule 60 complaint, Mr. Klayman further explains and sets forth that "[t]his instant action is therefore a continuation of *In re Klayman*, 20-BG-583 (D.C.C.A), as Mr. Klayman is simply seeking relief from judgment under Rule 60, and is therefore not a new action." *See* Rule 60 Comp. ¶ 14. Exhibit 1 to Defendants' Motion.

## II.     The Court Must Not Intervene as a Matter of Justice and Fundamental Fairness

In addition to what is set forth above concerning the indisputable fact that the Court's August 29, 2022 order is unambiguous and does not prohibit the Rule 60 Complaint, the Court also must as a matter of both justice and fundamental fairness not step in and intervene and order withdrawal of the Rule 60 Complaint as the Defendants are without any basis requesting.

As set forth in Mr. Klayman's prior pleadings, there should be a nearly insurmountable burden that must be cleared in order for an individual to be declared a "vexatious litigant." *Duru v. Mitchell*, 289 F. Supp. 3d 112, 117 (D.D.C. 2018). *In re Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (an injunction "is an extreme remedy, and should be used only in exigent circumstances."). Such injunctions should "remain very much the exception to the general rule of free access to the courts . . ." *Id*. at 431. Thus, to impede on this constitutionally protected, Sixth Amendment right, there must be a monumental showing, which the Defendants fell woefully short of.

And, not only was Mr. Klayman not granted the required evidentiary hearing under Fed. R. Civ. P. 65(a) – the issue of which is now on appeal along with the substantive order – Defendants are continuing their pattern and practice of vexatiously and maliciously disrupting Mr. Klayman's ability to practice law, including in jurisdictions where they have absolutely no authority to do so.

As set forth in the Rule 60 Complaint, the District of Columbia Court of Appeals has suspended Mr. Klayman from the practice of law for eighteen (18) months with a reinstatement provision as a result of patently fraudulent conduct by the Office of Disciplinary Counsel ("ODC") in not only suborning and furthering perjury, but actively burying exculpatory evidence. The only way for Mr. Klayman to seek recourse for this was the file the Rule 60 Complaint in order to address this fraud, so should the Court now intervene, it would be furthering fraud and other prosecutorial misconduct committed on the Court by the Defendants. *See Rule 60 Complaint* – <u>Exhibit 2</u>.

In sum, it is Mr. Klayman who has been severely harmed by the Defendants' continued vexatious and malicious course of conduct to try to remove Mr. Klayman from the practice of law. Not only have they used fraud and the other enumerated prosecutorial misconduct to obtain an eighteen (18) month suspension order, they are now without basis or jurisdiction weaponizing this fraudulent obtained suspension order to destroy Mr. Klayman in other jurisdictions by trying to obtain reciprocal discipline in other jurisdictions where Mr. Klayman practices. The Defendants' end goal is the complete destruction of Mr. Klayman's public interest advocacy and litigation.

Defendants are not even trying to hide the fact that the District of Columbia attorney discipline apparatus has devolved into a politicized weapon to target those why do not share their ideological and political beliefs. This was shown in their treatment of Kevin Clinesmith, a former DOJ lawyer and Trump hater who pled guilty to felony charges after having falsified a surveillance document which helped trigger the Trump-Russia investigation. Defendants attempted to bury what Clinesmith had done by failing to even seek discipline, and was forced to institute disciplinary proceedings after their actions were uncovered and subjected to negative publicity. Even then, he was let off the hook with "time served." Exhibit 2. This is also shown in Bar Disciplinary Counsel Hamilton Fox III ("Fox") personal involvement in the disciplinary actions against Rudy Giuliani, where it is almost unheard of for Bar Disciplinary Counsel to handle cases personally and not delegate to assistant bar counsel. Exhibit 2. Fox's animus is shown through his public comments on this matter as well. Exhibit 2.

It is therefore clear why Mr. Klayman needs recourse to protect himself, his colleagues, and his family from the incessant attacks by the Defendants, who have made it clear that they will not rest until he is completely and totally destroyed, professionally and personally.

**III.    This Matter Is Now on Appeal and the Appeal Should Be Allowed to Play Out**

This matter is now on appeal with the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), *Klayman v. Porter et al*, 22-13025, and the appeal should be allowed to play out in any event before any order of injunction is enforced, notwithstanding that it does not apply here to this Rule 60 complaint in a non-federal court.

Respectfully, Mr. Klayman is confident that the D.C. Circuit will rule in his favor, particularly given the indisputable lack of the required evidentiary hearing pursuant to Fed. R.

Civ. P. 65, notwithstanding the substantive issues of the nearly insurmountable burden required to declare a vexatious litigant that Defendants have come nowhere near meeting, among other strong grounds for reversal.

Mr. Klayman should therefore be allowed to defend himself pursuant to his constitutional Sixth Amendment rights until all appellate measures are exhausted, as forcing him to prematurely leave himself exposed to the Defendants' incessant attacks will cause severe, irreparable harm. As a clear example of this, the Defendants have opposed even Mr. Klayman's request to expedite the appeal of the Walton Order in order to prolong the duration of the Walton Order if and when it is overturned on appeal. Coupled with Defendants frivolous attempt to prevent Mr. Klayman from litigating his Rule 60 Complaint in D.C. Superior Court, which is where this action belongs, this further attempt to delay his appeal of this Court's injunction order is a transparent effort to prolong Mr. Klayman's suspension based on a flawed District of Columbia Court of Appeals order, which Mr. Klayman through his Rule 60 Complaint legitimately seeks to vacate.

To enjoin and/or order him to withdraw his Rule 60 non-federal complaint,  Mr. Klayman and prevent him from pursuing his right to challenge the September 15, 2022, order and judgment of the District of Columbia Court of Appeals, in a legitimate, sanctioned and well-recognized post-judgment procedure which is simply a continuation of the underlying disciplinary action resulting in what for now is a flawed and unjust eighteen (18) month suspension which financially harms Mr. Klayman, his family and his colleagues, would be to further the alleged fraud and other prosecutorial misconduct of the Defendants, and unduly

infringe Mr. Klayman's due process and equal protection rights under our Constitution, which clearly cannot be intended or countenanced by this honorable Court.

## IV.     Counsel for Defendants Must Be Sanctioned For Their Frivolous Motion

As set forth conclusively above, there was absolutely no basis for the Defendants to file their motion. Thus, the Court must sanction the Defendants pursuant to 28 U.S. Code § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

There is absolutely zero ambiguity in the Court's August 29, 2022 order, despite the Defendants' disingenuous attempt to manufacture ambiguity. The Court must sanction the Defendants for their frivolous motion, which multiplies the pleadings, is unreasonable on its face, and is clearly vexatious, and award Mr. Klayman fees and costs for having to take the time and expense to respond.

## V.     Conclusion

Based on the foregoing, it is clear that the Rule 60 Complaint must not enjoined and/or ordered be withdrawn by the Court's August 29, 2022 order – which does not apply by its terms in any event -- and the Court must not intervene in the interest of justice and fundamental fairness to infringe Mr. Klayman's constitutional rights to post judgment relief.

Date: December 27, 2022                                  Respectfully submitted,

                                                          */s/ Larry Klayman*
                                                          Larry Klayman, Esq.
                                                          7050 W. Palmetto Park Rd
                                                          Boca Raton, FL, 33433
                                                          Tel: (561)-558-5336

Email: leklayman@gmail.com

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, December 27, 2022 a copy of the foregoing was filed using the Court's ECF system and served on counsel for all parties via the Court's ECF system.

*/s/ Larry Klayman*