IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY ELLIOT KLAYMAN,<br><br>Plaintiff,<br><br>v.<br><br>JULIA PORTER *et al.*,<br><br>Defendants. | Civil Action No. 20-3109 (RBW) |
| LARRY ELLIOT KLAYMAN,<br><br>Plaintiff,<br><br>v.<br><br>JULIA PORTER *et al.*,<br><br>Defendants. | Civil Action No. 20-3579 (RBW) |
| LARRY ELLIOT KLAYMAN,<br><br>Plaintiff,<br><br>v.<br><br>JULIA PORTER *et al.*,<br><br>Defendants. | Civil Action No. 21-0965 (RBW) |

**DEFENDANTS JULIA PORTER, HAMILTON P. FOX, III AND LAWRENCE K. BLOOM'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**

Defendants Julia Porter, Hamilton P. Fox, III, and Lawrence K. Bloom, all attorneys currently employed by the District of Columbia Bar's Office of Disciplinary Counsel ("ODC"), respectfully file this Reply in further support of their Motion to Dismiss Plaintiff Larry

1

Klayman's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 129.

Plaintiff's sole remaining claim for injunctive relief is moot. Defendants have already provided all requested ex parte communications, eliminated any live controversy, and left this Court without jurisdiction in this case. Furthermore, Plaintiff's allegations of dishonesty and unethical behavior by Defendants are unsupported by averments in the Complaint and therefore do not meet the standard for surviving a motion to dismiss.

## I.     Plaintiff's Claims Are Moot

Under Article III of the Constitution, federal courts are courts of limited jurisdiction that can only decide "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988) (first citing *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976); and then citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). A suit becomes moot once the requested action has been performed. *See Cueto v. Dir., Bureau of Immigration & Customs Enf't*, 584 F. Supp. 2d 147, 150 (D.D.C. 2008) ("By providing all the relief [plaintiff] sought in his complaint, the defendants have rendered this case moot, which deprives this Court of subject matter jurisdiction.").

Plaintiff initially sought damages and injunctive relief alleging misconduct by Defendants related to disciplinary proceedings conducted by the ODC. The U.S. Court of Appeals for the District of Columbia Circuit affirmed the dismissal of the damages claims on immunity grounds and reversed dismissal of the injunctive relief claim—explicitly stating that this Court would have to determine whether any of Plaintiff's requests for injunctive relief remain unresolved. Opinion 25, *Klayman v. Porter*, No. 22-7123 (D.C. Cir. June 11, 2024), ECF No. 2058941. Defendants have already produced all the documents requested, including copies of the standard letters and notices that Plaintiff sought. *See Nat. Res. Def. Council, Inc. v. U.S. Nuclear*

*Regulatory Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982) ("[W]e can hardly order the [defendant] at this point to do something that it has already done."). The independent verification provided by Executive Attorney James T. Phalen further demonstrates that no other records exist that could justify Plaintiff's ongoing request for relief. *See* Mot. to Dismiss Ex. A, Decl. of James T. Phalen ("Phalen Decl."), ECF No. 129-2. Defendants have fully complied with Plaintiff's demand, and there is no further relief to be granted by this Court.

## II.     Lack of Merit

Plaintiff's allegations of dishonesty and unethical behavior by Defendants are unfounded and unsupported by any specific allegations in the Complaint. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (The court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint[.]" (citations omitted)); *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 133 (D.D.C. 2008) ("[Plaintiff] is entitled to all reasonable inferences in her favor, but the Court need not accept her unsupported, conclusory allegations." (citation omitted)).

Plaintiff's unsubstantiated claims of James T. Phalen's lack of independence or alleged bias do nothing to diminish the credibility of his sworn declaration. Declarations from agency officials are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)); *see also Partin v. Fed. Bureau of Investigation*, No. 02-5336, 2004 WL 433987, at *1 (D.C. Cir. Mar. 2, 2004) ("[S]peculative claims about the existence of other documents cannot rebut the presumption of good faith that applies to agency affidavits[]." (citing *SafeCard Servs.,*

*Inc.*, 926 F.2d at 1200)). Mr. Phalen's affidavit clearly explains that no additional letters or similar communications exist in the ODC's files, and therefore should be regarded as credible evidence unless Plaintiff provides concrete proof to the contrary.

Mr. Phalen, as the Executive Attorney of the District of Columbia Board on Professional Responsibility, operates independently from the ODC, overseeing disciplinary matters and ensuring the integrity and ethics of the legal profession in the District of Columbia. *See* D.C., *Attorney Discipline*, https://www.dccourts.gov/court-of-appeals/learn-more/attorney-discipline (last visited Oct. 8, 2024); Phalen Decl. ¶¶ 3–5. His role demands impartiality and adherence to strict ethical guidelines, which further supports the integrity of his review and the credibility of his findings.

Plaintiff's request for broad access to all ODC files through discovery is an obvious effort to prolong litigation rather than a genuine attempt to resolve an ongoing issue. Without specific and credible evidence to support claims of "cherry-picking," this request is nothing more than a "fishing expedition." *United Presbyterian Church in U.S.A. v. Reagan*, 738 F.2d 1375, 1383 (D.C. Cir. 1984) (citing *United Presbyterian Church in U.S.A. v. Reagan*, 557 F. Supp. 61, 64 (D.D.C. 1982)); *see also Halperin v. Kissinger*, 606 F.2d 1192, 1209 n.120 (D.C. Cir. 1979) (highlighting the necessity of "close control of discovery in suits against [] officials . . . to [] preserv[e] [] meaningful official immunity" (collecting cases)).

Moreover, contrary to Plaintiff's assertions in his opposition, Pl.'s Opp'n 12–13, ECF No. 132, the only specific injunctive relief sought was the "immediate production of all of the above-referenced ex parte communications." Complaint ¶ VII(d), No. 21-cv-965, ECF No. 1. Plaintiff's assertion that his complaint seeks injunctive relief beyond

4

production of the letters is not true.  Plaintiff did not seek an injunction against any broader conduct by the ODC in any of the three complaints before the Court.  In Case No. 21-965, Plaintiff seeks production of the ex parte communications and "preliminary and permanent injunctive relief[,]" without specifying what form that injunctive relief could or should take.  *See id.* ¶ VII(f).  Likewise, in the complaints in Case Nos. 20-3579 and 20-3109, Plaintiff tacked on bare requests for some kind of plenary "injunctive relief" to his underlying claims for damages.  *See* Corrected Complaint ¶ VII(a), No. 20-cv-3579, ECF No. 2; Complaint ¶ VII(a), No. 20-cv-3109, ECF No. 1.  Such formless references to generalized injunctive relief do not give rise to a live controversy such that this Court retains jurisdiction, particularly where the underlying damages claims have been dismissed.  *See Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) ("[A]ny motion or suit for a traditional injunction must be predicated up on a cause of action . . . . There is no such thing as a suit for a traditional injunction in the abstract." (alterations in original) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004))); *Pierce v. Kaufman Cty. Dist. Att'y's Office*, No. 16-cv-2554, 2018 WL 5624195, at *7 (N.D. Tex. Sept. 27, 2018) (holding that dismissal of plaintiff's underlying damages claims "also warrant[ed] dismissal of his claim for injunctive relief" (citing *Crook*, 616 F. App'x at 753)); *Williams v. Bond*, No. 22-cv-7513, 2023 WL 2784387, at *2 (D.N.J. Apr. 5, 2023) (holding that plaintiff failed to "meaningfully state a specific request for relief" because he did not "specify[] what kind of injunctive relief, and who or what Plaintiff specifically [sought] to enjoin").  Defendants' full compliance with the production of the requested ex parte letters has thus rendered Plaintiff's claims for injunctive relief moot.

There is also no legitimate basis for discovery or some kind of "forensic analysis" of the ODC's repository of disciplinary files. Pl.'s Opp'n 12, 14. The completeness of Defendants' production has already been confirmed by Executive Attorney Phalen's independent sworn declaration. Defendants and the ODC acted, at all times, fully within their official capacities. There is also a legal presumption of regularity that attaches to the actions of officials performing their duties. *See C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 190 (D.D.C. 2020) ("[I]n the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." (alterations in original) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996))). Plaintiff's repeated urging that anyone who disagrees with him—whether prosecutor, opposing counsel or judge—must be corrupt, carries no weight. Plaintiff Klayman offers nothing to effectively question the overwhelming presumption that Defendants have fulfilled their responsibilities in good faith.

## CONCLUSION

For all the foregoing reasons, the Court should grant Bar Defendants' Motion to Dismiss this action with prejudice.

Dated: October 10, 2024	Respectfully submitted,

*/s/ Caroline L. Wolverton*
Caroline L. Wolverton (D.C. Bar No. 496433)
Samantha J. Block (D.C. Bar No. 1617240)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 L Street NW
Washington, DC 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
cwolverton@akingump.com
samantha.block@akingump.com

*/s/ Mark J. MacDougall*
Mark J. MacDougall (D.C. Bar No. 398118)
SCHERTLER ONORATO MEAD & SEARS
555 13th Street, N.W., Suite 500 West
Washington, DC 20004
Telephone: (202) 628-4199
mmacdougall@schertlerlaw.com

*Attorneys for Defendants Julia Porter, Hamilton P. Fox, III, and Lawrence K. Bloom*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2024, a copy of the foregoing document was filed electronically and served pursuant to this Court's ECF Filing System, upon Plaintiff and counsel of record.

Dated: October 10, 2024

                                              */s/ Caroline L. Wolverton*
                                              Caroline L. Wolverton (D.C. Bar No. 496433)