UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LARRY ELLIOT KLAYMAN, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 20-3109 (RBW) | |
| ) | | |
| JULIA PORTER, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| LARRY ELLIOT KLAYMAN, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 20-3579 (RBW) | |
| ) | | |
| JULIA PORTER, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| LARRY ELLIOT KLAYMAN, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil Action No. 21-965 (RBW) | |
| ) | | |
| MATTHEW KAISER, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION**

The plaintiff, Larry Klayman—an attorney proceeding pro se—brings these civil actions alleging claims of tortious interference and abuse of process, see Complaint ¶¶ 37–41, Klayman v. Porter, Civil Action No. 20-3109 ("Porter I Compl.", ECF No. 1; Complaint ¶¶ 36–40,

Klayman v. Porter, Civil Action No. 20-3579 ("Porter II Compl."), ECF No. 1; Klayman v. Porter, Civil Action No. 21-965 ("Porter III Compl."), ECF No. 1, against the defendants—Julia Porter, Hamilton Fox, III, and Lawrence Bloom. Currently pending before the Court is the defendants' joint motion to dismiss these actions as moot under Federal Rule of Civil Procedure 12(b)(1). See generally Defendants Julia Porter, Hamilton P. Fox, III, and Lawrence K. Bloom's Joint Motion to Dismiss ("Defs.' Mot."), ECF No. 129. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must grant the defendants' joint motion to dismiss.

## I.    BACKGROUND

### A.    Factual Background

The following facts were derived from the plaintiff's Complaint unless otherwise specified. The plaintiff is an attorney who is licensed to practice law in the District of Columbia, see Porter III Compl. ¶ 10; and authorized to practice law in the United States District Court for the Northern District of Texas, see id. ¶ 22. The defendants are all employees or officials of the District of Columbia Bar: Ms. Porter is "employed as Bar Deputy Disciplinary Counsel at [the] Office of Bar Disciplinary Counsel ('ODC') in the District of Columbia[,]" id. ¶ 4; Mr. Fox is "employed as Bar Disciplinary Counsel at ODC in the District of Columbia[,]" id. ¶ 5; and Mr. Bloom is "employed as a Staff Attorney at ODC in the District of Columbia[,]" id. ¶ 6.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Statement of Points and Authorities in Support of Defendants Julia Porter, Hamilton P. Fox, III and Lawrence K. Bloom's Joint Motion to Dismiss ("Defs.' Mem."), ECF No. 129-1; (2) the Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 132; (2) the Defendants Julia Porter, Hamilton P. Fox, III, and Lawrence K. Bloom's Reply in Support of their Joint Motion to Dismiss ("Defs.' Reply"), ECF No. 134; and (3) the Declaration of James T. Phalen ("Phalen Decl."), Defs.' Mot. Exhibit ("Ex.") A (Declaration of James T. Phalen), ECF No. 129-2.

The ODC, which operates under the authority of the District of Columbia Court of Appeals (the "DCCA"), see Ford v. Tait, 163 F. Supp. 2d 57, 65 (D.D.C. 2001), has the power to (1) "investigate all matters involving alleged misconduct by an attorney subject to the disciplinary jurisdiction of th[e DCCA,]" D.C. Bar Rule XI, § 6(a)(2); (2) "dispose of all matters involving alleged misconduct by an attorney[,]" id. § 6(a)(3); (3) "prosecute all disciplinary proceedings before Hearing Committees, the Board [on Professional Responsibility], and the [DCCA,]" id. § 6(a)(4); and (4) "maintain permanent records of all matters processed and the disposition thereof," id. § 6(a)(6). The Board has the power to "consider and investigate any alleged ground for discipline or alleged incapacity of any attorney . . . and to take such action with respect thereto as shall be appropriate[,]" id. § 4(e)(1), and it also has the authority to appoint various members of the ODC staff, see id. § 4(e)(2)–(4).

On June 11, 2020, the DCCA accepted the Board's recommendation that the court "suspend [the plaintiff] from the practice of law for ninety days based on his representation of three clients in violation of Rule 1.9 (conflict-of-interest) of the District of Columbia Rules of Professional Conduct[,]" In re Klayman, 228 A.3d 713, 715 (D.C. 2020), and "issued a [ninety]-day suspension order against [the plaintiff,]" Porter III Compl. ¶ 17; see Klayman, 228 A.3d at 719–20. The plaintiff "challenge[d the DCCA]'s order via [a p]etition for [r]ehearing by the [p]anel[,] as well as a [p]etition for [r]ehearing [e]n [b]anc[,]" id. ¶ 18, which were both denied, see Defs.' Mot. at 3–4. While the plaintiff's challenge to the panel decision was pending resolution, the defendants "sen[t] out ex parte letters, [on] which [the plaintiff was] not copied[,] . . . to various courts [in which the plaintiff] is admitted and/or licensed to practice" law—and relevant to this case, the United States District Court for the Northern District of Texas— "notifying them of the [suspension] order." Porter III Compl. ¶ 20; see id. ¶ 24 (alleging that the

3

letters "were directed to the [ ] the Northern District of Texas"). The plaintiff alleges that he "asked [the d]efendants to provide [him with] copies of these ex parte communications, but [the d]efendants have flatly refused to do so[.]" Id. ¶ 23. As a result of these notifications, the plaintiff states that the Northern District of Texas "opened a disciplinary case against [him] regarding reciprocal discipline[,]" id. ¶ 27; "ordered the clerk of [the Northern District of Texas] to remove [the plaintiff's] electronic filing privilege[s], preventing him from filing pleadings in [an] ongoing case[,]" id. ¶ 28; and "ordered [the plaintiff] not to file any more cases in th[at c]ourt[,]" id. ¶ 29. The plaintiff alleges that, by sending ex parte notifications to other jurisdictions regarding the plaintiff's D.C. Bar status and the disciplinary action taken against him, the defendants' "conduct amounted to tortious interference and abuse of process." Id. ¶ 30.

**B.     Procedural Background**

The plaintiff filed his Complaint in the Western District of Texas on October 2, 2020, see Compl. at 1, and the case was transferred to this Court on October 29, 2020, see Order Granting Motion to Transfer Case (Oct. 29, 2020), ECF No. 13. After the Court issued a Memorandum Opinion and Order resolving several motions in favor of the defendants and against the plaintiff, see generally Order (Aug. 29, 2022), ECF No. 95; Memorandum Opinion (Aug. 29, 2022), ECF No. 94, the plaintiff appealed the ruling to the District of Columbia Circuit, see Mandate of United States Court of Appeals for the District of Columbia, ECF No. 125. In response to his appeal, the District of Columbia Circuit (1) vacated the pre-filing injunction imposed by this Court "because [the plaintiff's] litigation does not meet the very high threshold for a nationwide restriction on a litigant's constitutional right of access to the courts[,]" Klayman v. Porter, 104 F.4th 298, 305 (D.C. Cir. 2024); (2) affirmed this Court's "dismissal of the plaintiff's claims for damages on immunity grounds," id.; (3) "reverse[d] in part [this Court's] dismissal of

4

[the plaintiff's] claims for injunctive relief because there was no relevant pending state proceeding to support Younger abstention at the time of the dismissal[,]" id.; and (4) "affirm[ed] on mootness grounds [this Court's] dismissal of [the plaintiff's] claims for injunctive relief against the now-former Board Chair Matthew Kaiser[,]" id. at 305–06.  Then, on August 30, 2024, the defendants filed their joint motion to dismiss the only remaining claims for injunctive relief pursuant to Rule 12(b)(1) on mootness grounds.  See generally Defs.' Mot..  The plaintiff filed his opposition to the defendants' joint motion to dismiss on September 26, 2024, see Pl.'s Opp'n, and the defendants filed their joint reply on October 10, 2024, see Defs.' Reply.

## II.    STANDARD OF REVIEW

### A.    Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

"Federal [district] courts are courts of limited jurisdiction[,]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and therefore, "[a] motion for dismissal under [Rule] 12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction[,]'" Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)).  Thus, the Court is obligated to dismiss a claim if it "lack[s] [ ] subject-matter jurisdiction[.]"  Fed. R. Civ. P. 12(b)(1).  And, because "it is presumed that a cause lies outside [ ] [the Court's] limited jurisdiction," Kokkonen, 511 U.S. at 377, the plaintiff bears the burden of establishing by a preponderance of the evidence that a district court has subject matter jurisdiction, see Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).

In deciding a motion to dismiss based upon lack of subject matter jurisdiction, the Court "need not limit itself to the allegations of the complaint."  Grand Lodge of the Fraternal Ord. of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001) (citation omitted).  Rather, the "[C]ourt may consider such materials outside the pleadings as it deems appropriate to resolve the question

5

[of] whether it has jurisdiction to hear the case." Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citation omitted); see also Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005) (holding that a "district court may consider materials outside [of] the pleadings" when deciding "to grant a motion to dismiss for lack of jurisdiction"). Additionally, the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp., 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). However, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a [Rule] 12(b)(1) motion than in resolving a [Rule] 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13–14 (alterations in original) (citation and internal quotation marks omitted).

### B.     Pro Se Filings

In applying the framework above, the Court is mindful of the fact that the plaintiff, while also a practicing attorney, is proceeding pro se.[2] The pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be

---

[2] The Court notes that, although in its last Memorandum Opinion in this case it did not automatically subject the plaintiff to the same liberal standards generally afforded non-attorney pro se parties, see Memorandum Opinion at 14 n.4, ECF No. 94, it did not explicitly make this same point in another recent Memorandum Opinion in a different but related case, see generally Klayman v. D.C. Ct. of Appeals, No. 24-cv-2997 (RBW), 2025 WL 1517247 (D.D.C. May 28, 2025). Therefore, out of an abundance of caution, although he Court questions whether it is compelled to apply the liberal pro se litigant standard, the Court will do so.

read together in considering whether to grant a motion to dismiss. See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). Nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III.   ANALYSIS

The D.C. Circuit remanded this matter to this Court for review of the plaintiff's remaining claim for injunctive relief. See Mandate of United States Court of Appeals for the District of Columbia, ECF No. 125. Accordingly, the Court will first consider the plaintiff's claim for injunctive relief, seeking to enjoin the defendants from engaging in the conduct alleged in the Complaint. See Compl. at 11. And, the Court will then consider whether the plaintiff has also adequately stated a claim for injunctive relief enjoining future similar conduct by the defendants.[3]

#### A.   The Plaintiff's First Claim for Injunctive Relief

In their motion, the defendants contend that, "[b]ecause [the p]laintiff has been provided with all of the [ex parte letters], his sole remaining claim for injunctive relief is moot and this Court is without subject matter jurisdiction." Defs.' Mem. at 2. In opposition, the plaintiff argued that "[t]he problem with [the defendants'] argument is clearly evident: [the plaintiff] has not been allowed any discovery on this matter," Pl.'s Opp'n at 9, and because the defendants "have not been honest[,]" id., the Court should not take them at their word. In response the defendants assert that the "[p]laintiff's allegations of dishonesty and unethical behavior by

---

[3] In his opposition, the plaintiff also makes an alternative request, that this Court: ". . . either (1) transfer this matter to another jurist or (2) at a minimum, stay consideration until the D.C. Circuit has decided the question of [this Court's] recusal." Pl.'s Opp'n at 13. However, the District of Columbia Circuit has now issued its decision in regards to the question of recusal, concluding "the district court's denial of [the plaintiff's] motion to disqualify is affirmed." Judgment of United States Court of Appeals for the District of Columbia at 4, ECF No. 135-1.

7

[the d]efendants are unfounded and unsupported by any specific allegations in the Complaint." Defs.' Reply at 3.

"Article III, § 2, of the [United States] Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013) (citations omitted). Therefore, "[i]n order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." Id. (citation omitted). "This requirement [of standing] ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." Id.

"A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. (citation omitted). Thus, "[a] case is moot if the judgment . . . will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Noble v. Sombrotto, 525 F.3d 1230, 1241 (D.C. Cir. 2008) (citation omitted); see also Del Monte Fresh Produce Co. v. United States, 570 F.3d 316, 321 (D.C. Cir. 2009) (citation omitted) ("A case is moot when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated in circumstances where it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.").

The Court must therefore determine if the defendants have met the "initial heavy burden of establishing mootness[.]" Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n, 628 F.3d 568, 576 (D.C. Cir. 2010) (internal quotation marks omitted). The defendants argue that the plaintiff "seeks disclosure of materials already in his possession[,]" and therefore, "[b]ecause [the plaintiff] has the materials, his remaining claim is moot and should be dismissed." Defs.' Mot. at 7. In support of this position, the defendants provide a declaration from James T. Phelan, the "Executive Attorney of the District of Columbia Board on Professional Responsibility[,]" Phelan Decl. ¶ 2, who represents that beyond the letters attached to the Complaint, "the files [he] reviewed did not contain any other letters or similar written communications . . . issued by the Office of Disciplinary Counsel and forwarded to Courts or other Bar authorities in the United States, giving notice of disciplinary actions taken by the D.C. Court of Appeals against" the plaintiff, id. ¶ 5(b). In response, the plaintiff argues that "[t]he only true way of ascertaining what ex parte letters were sent is through discovery and through an actual independent third[-]party review of the [defendants'] computer files, including forensic analysis[.]" Pl.'s Opp'n at 12.

The Court agrees with the defendants that this claim by the plaintiff for injunctive relief is moot. Even considering the defendants' "heavy burden of establishing mootness[,]" Honeywell Int'l, Inc., 628 F.3d at 576, the plaintiff here has failed to show any reasonable basis to suspect that additional letters have been sent to other jurisdictions or legal officials regarding the disciplinary matter in question. Therefore, the Court "can hardly order [a party] at this point to do something that it has already done." Nat. Res. Def. Council, Inc. v. U.S. Nuclear

9

Regulatory Comm'n, 680 F.2d 810, 814 (D.C. Cir. 1982).[4]  And, "[a]gency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents."  Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981).  The mere fact that the plaintiff alleges without any factual proof that an impartial or thorough investigation was not conducted, without some showing that there actually was a deficient investigation in the first instance, is not "a sufficient link between asserted fact and argued inference to raise a serious and material question[,]" id., with respect to the veracity of the declaration and the presumption of good faith accorded to the document search.  Accordingly, because the relief requested by the plaintiff has already been provided in the form of disclosure by the defendants of the ex parte letters, and the Court is unpersuaded that there was anything untoward about the review for the documents relevant to this case, the Court finds that the defendants have met the burden of establishing mootness.

### B. The Plaintiff's Claim for Prospective Injunctive Relief

Finally, the Court next considers the plaintiff's assertion that he is entitled to "injunctive relief in the form of an order enjoining . . . future similar conduct of sending secret ex parte letters."[5]  Pl.'s Opp'n at 14 (emphasis added).  In their reply, the defendants contend that "[the p]laintiff's assertion that his [C]omplaint seeks injunctive relief beyond production of the letters

---

[4] The Court notes that the defendants, as an exhibit to their motion to dismiss, include the Declaration of James T. Phelan, who serves as the Executive Attorney of the District of Columbia Board on Professional Responsibility.  See Phelan Decl. ¶ 2.  Mr. Phalen affirms, under oath, that, based on his independent examination of the ODC's letters and files, those files do not contain any other letters or similar written communications issued by the ODC and subsequently distributed to courts and Bar authorities, providing notice of the disciplinary actions taken against the plaintiff in the District of Columbia.  See generally id.

[5] The plaintiff asserts that he seeks an Order "enjoining ongoing and future similar conduct of sending secret ex parte letters[.]"  Pl.'s Opp'n at 14 (emphasis added).  However, based on the representations made by the defendants, and the Court's conclusion as to the mootness of the plaintiff's claim regarding the letters that have already been distributed, see supra § III.A, the Court only considers this claim as it relates to potential future conduct.

10

is not true.  [The p]laintiff did not seek an injunction against any broader conduct by the [defendants] in any of the three complaints before the Court." Defs.' Reply at 4–5.  And, the defendants continue, "[s]uch formless references to generalized injunctive relief do not give rise to a live controversy such that this Court retains jurisdiction, particularly where the underlying damages claims have been dismissed." Id. at 5.

"[T]o obtain prospective injunctive relief, a plaintiff must show a real and immediate threat of future injury to establish a viable case or controversy." Johnson v. District of Columbia, 248 F.R.D. 46, 56 (D.D.C. 2008) (citing City of L. A. v. Lyons, 461 U.S. 95, 103–04 (1983)).  When a plaintiff seeks injunctive relief, he may not "simply rely on past injury to show standing." Johnson, 248 F.R.D. at 56.  Indeed, the plaintiff must establish that he has "sustained[,]" id., or is "immediately in danger of sustaining some direct injury as the result of the challenged official conduct[,]" Lyons, 462 U.S. at 101–02.  The "injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. at 102; see also O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

Here, the plaintiff has not shown that he is "immediately in danger of sustaining some direct injury as the result of the challenged official conduct[.]" Lyons, 462 U.S. at 101–02.  Instead, the only remaining basis for injunctive relief is to enjoin "future similar conduct[,]" Pl.'s Opp'n at 13, which evinces the "speculative nature of [the] claim that [the plaintiff] will again experience injury[.]" Lyons, 462 U.S. at 109.  Moreover, even if there had been past injuries, which in this case there were none, "[u]nless a plaintiff can show [that] he is 'realistically threatened by a repetition of his experience [that gave rise to the injury,] . . . he has not met the

11

requirements for seeking an injunction in federal court[.]'" Chang v. United States, 738 F. Supp. 2d 83, 88 (D.D.C. 2010) (alterations in original) (quoting Lyons, 461 U.S. at 109); see also Swanson Grp. Mfg. LLC v. Jewell, 790 F.3d 235, 240 (D.C. Cir. 2015) (to obtain injunctive relief, a plaintiff "must show an imminent future injury").  And here, there are no facts pleaded to show that the plaintiff is in imminent danger of more letters being sent out to other jurisdictions pertaining to the current disciplinary matter before the D.C. Board on Professional Responsibility.  This is especially true considering Mr. Phalen's statements that no other letters exist that could, if sent, even potentially constitute the type of imminent harm that the plaintiff seeks to enjoin.  See generally Phalen Decl.  Without sufficient facts demonstrating that the plaintiff is in imminent danger of suffering the same or substantially similar harm from the defendants, the Court cannot conclude that the plaintiff is "realistically threatened by a repetition of his experience[,]" Lyons, 461 U.S. at 109, and is therefore entitled to injunctive relief for speculative future actions by the defendants.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the defendants' joint motion to dismiss on mootness grounds.

**SO ORDERED** this 16th day of October, 2025.

REGGIE B. WALTON
United States District Judge